COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Alston and Senior Judge Clements
Argued at Richmond, Virginia


JON ERIC LOFGREN

                                                            OPINION BY
v.      Record No. 1349-08-2               JUDGE JEAN HARRISON CLEMENTS
                                                        NOVEMBER 3, 2009
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                         Ernest P. Gates, Judge Designate

            Angela D. Whitley (Boone Beale, on brief), for appellant.

            Richard B. Smith, Special Assistant Attorney General (William C.
            Mims, Attorney General, on brief), for appellee.


        Jon Eric Lofgren (appellant) appeals his conviction for violating Code § 18.2-427, use of

profane, threatening or indecent language over the telephone.[1]  Appellant argues the evidence was

insufficient to support the conviction.  For the reasons stated, we agree with appellant and reverse

his conviction.

                                       Background

        "When considering a challenge to the sufficiency of evidence on appeal, we review the

evidence in the light most favorable to the prevailing party at trial and consider all inferences fairly

deducible from that evidence."  Jones v. Commonwealth, 276 Va. 121, 124, 661 S.E.2d 412, 414

(2008).

_____

        [1] Appellant was also convicted of destruction of property and two counts of assault and
battery.  He does not challenge the former.  We denied his petition for appeal to the latter.  See
Lofgren v. Commonwealth, Record No. 1349-08-2 (Va. Ct. App. Apr. 24, 2009).

The evidence showed that appellant and the victim had previously dated. On December 18, 2007, the victim was at her home with her then boyfriend when appellant arrived at her back door uninvited. The victim told appellant she had company and she would not allow appellant into her residence. Appellant tried to get the victim to speak with him outside the residence, asserting that they had plans together for that evening. The victim repeatedly told appellant she did not want to speak with him, and appellant became angry.

The victim stated that after a brief altercation with her then boyfriend, appellant "stormed out" to his vehicle and cursed at her as he walked. The victim testified that appellant later telephoned her and said, "I can't believe you fucking cunt . . . . You're a fucking bitch . . . . I hate you. . . . I can't believe you're doing this. [W]e had plans." The victim went to the magistrate's office and swore out warrants against appellant. When she returned home, she discovered a voice mail message in which appellant again called her a "fucking cunt" and said, "you fucking suck."

At trial, appellant admitted that he "probably" used the language the victim described in the telephone conversation. Appellant also testified he was "upset" and "I did say something to her when I was very mad. I couldn't believe she did what she did." He later elaborated that he was upset "[b]ecause of the way she behaved. I'm coming over there. We had plans. And she is acting like she doesn't even know who I am, like I'm not even her boyfriend."

The trial court found appellant guilty, stating, "I think he was a disgruntled lover who was upset and got out of control."

Analysis

Appellant was convicted of violating Code § 18.2-427, which provides:

> If any person shall use obscene, vulgar, profane, lewd, lascivious, or indecent language, or make any suggestion or proposal of an obscene nature, or threaten any illegal or immoral act with the intent to coerce, intimidate, or harass any person, over any telephone or citizens band radio, in this Commonwealth, he shall be guilty of a Class 1 misdemeanor.

Appellant argues the language he used, while arguably offensive, was not obscene and he did not intend to coerce, intimidate or harass the victim. He further asserts that his remarks were not sexually explicit, but were expressions of his disapproval of the victim's conduct.

In Perkins v. Commonwealth, 12 Va. App. 7, 14-15, 402 S.E.2d 229, 233-34 (1991), we considered a claim that Code § 18.2-427 was unconstitutionally overbroad. The Court concluded that the legislature "intended to address harassing conduct as the evil to be proscribed and intended to narrow the scope of the speech phrases to that which is obscene." Id. at 14, 402 S.E.2d at 233.

Neither Code § 18.2-427 nor the chapter or article in which it is codified defines "obscene." However, when addressing a violation of Code § 18.2-427, this Court has adopted the definition of obscenity found in Code § 18.2-372. See Allman v. Commonwealth, 43 Va. App. 104, 109, 596 S.E.2d 531, 534 (2004) (reasoning that the Code of Virginia is one body of law and other sections of the Code may be referenced where the same phraseology is used).

Code § 18.2-372 defines obscene as

> that [1] which, considered as a whole, has as its dominant theme or purpose an appeal to the prurient interest in sex, that is, a shameful or morbid interest in nudity, sexual conduct, sexual excitement, excretory functions or products thereof or sadomasochistic abuse, and [2] which goes substantially beyond the customary limits of candor in description or representation of such matters and [3] which, taken as a whole, does not have serious literary, artistic, political or scientific value.

"'To be obscene, conduct must violate contemporary community standards of sexual candor.'" Allman, 43 Va. App. at 109-10, 596 S.E.2d at 534 (quoting Copeland v. Commonwealth, 31 Va. App. 512, 515, 525 S.E.2d 9, 10 (2000)). "On appeal, we 'must make an independent determination of the constitutional issue of obscenity, which is a mixed question of law and fact.'" Id. at 110, 596 S.E.2d at 534 (quoting Price v. Commonwealth, 213 Va. 113, 118, 189 S.E.2d 324, 328 (1972), vacated on other grounds and remanded by 413 U.S. 912 (1973)). The first two prongs of the obscenity test codified in Code § 18.2-372 "involve

'primarily factual issues, to be measured by "contemporary community standards."'" Id. at 111, 596 S.E.2d at 534-35 (quoting State v. Harrold, 593 N.W.2d 299, 312 (Neb. 1999)). "As to the third prong . . . 'the appellate court should apply a *de novo* review . . . since this determination does not depend upon community standards.'" Id. at 111, 596 S.E.2d at 535 (quoting Harrold, 593 N.W.2d at 313).

The word "fuck" is defined as "to engage in coitus with--sometimes used interjectionally with an object (as a personal or reflexive pronoun) *to express anger, contempt, or disgust*." Merriam-Webster's Collegiate Dictionary 505 (11th ed. 2004) (emphasis added). It is also defined as "to deal with unfairly or harshly." Id. The word "fucking" is defined as "damned-- used as an intensive." Id. "Cunt" is defined as "the female genital organ; *also*: sexual intercourse with a woman." Id. at 305. In addition to being a female dog, "bitch" is defined as "a malicious, spiteful, or overbearing woman--sometimes used as a generalized term of abuse." Id. at 126.

In Allman, the defendant was charged with violating Code § 18.2-427 when he repeatedly referred to an attorney as a "pussy" and referenced female excretory functions in a telephone message left for the attorney who had represented a party in a civil suit against the defendant. Allman, 43 Va. App. at 106-07, 596 S.E.2d at 532. Similar to "cunt," the word, "pussy" "is defined by Webster's Unabridged Dictionary as "'vulg[ar] slang' for either (1) the female genitals or (2) sexual intercourse." Id. at 112, 596 S.E.2d at 535 (quoting Random House Webster's Unabridged Dictionary 1571 (2d ed.1998)). The Court found that the defendant used the word "pussy" to characterize the attorney as weak or cowardly and that his use of the word did not reference a sexual act and had no sexual connotations. Id. The Court also held that appellant's repeated references to female excretory functions

> d[id] not establish that the message, "*considered as a whole*,"
> either (1) "*[had] as its dominant theme* . . . an appeal to the

- 4 -

> prurient interest in sex, that is, a shameful or morbid interest in nudity, sexual conduct, . . . excretory functions or products thereof" or (2) *went "substantially beyond the customary limits of candor* in description or representation of such matters." Code § 18.2-372 (emphases added).

Id. at 113, 596 S.E.2d at 535.

Under the circumstances of this case, using the definition of obscene set forth in Code § 18.2-372, and the requisite standard of review, we hold that appellant's use of the phrases "fucking cunt" and "fucking bitch" was insufficient to permit a reasonable trier of fact to conclude the references were obscene. Although the words "fucking" and "cunt" can have sexual connotations when utilized in certain contexts, appellant's use of these words "considered as a whole" and in the context in which they were spoken, did not establish that the communication had "as its dominant theme or purpose an appeal to the prurient interest in sex . . . [or] w[ent] substantially beyond the customary limits of candor in description or representation of such matters." Code § 18.2-372. Rather, the evidence showed that appellant became angry and upset with the victim when she refused to talk with him and when she did not agree with his assertion that they had plans to spend the evening together. He expressed his hatred for the victim in the conversation. In addition, appellant admitted that he was "upset" and "very mad" at the victim when she acted like he was "not even her boyfriend." Furthermore, appellant had had a physical altercation with the victim's then boyfriend just prior to making the telephone call. Appellant used the offensive words as vulgar curse or swear words to communicate his frustration, anger, contempt or disgust with the victim after the incident. See United States v. Landham, 251 F.3d 1072, 1087 (6th Cir. 2001) (holding statement made via telephone using the term "cuntless fuck" was not obscene for purposes of violating 47 U.S.C.

§ 223(a)[2] but was an invective where husband swore vulgarly at wife because he was frustrated with their relationship).

Accordingly, appellant's language failed to meet the definition of obscene as required by Allman and Code § 18.2-372.  "Because the language was not obscene, it did not violate the statute, and we need not consider whether appellant acted with the intent 'to coerce, intimidate, or harass.'"  Allman, 43 Va. App. at 113, 596 S.E.2d at 536.  For these reasons, appellant's conviction for violating Code § 18.2-427 is reversed and the charge is dismissed.

<u>Reversed and dismissed.</u>

---

[2] 47 U.S.C. § 223(a) "makes it a crime to make, create, or solicit and initiate the transmission in interstate commerce 'any comment, request, suggestion, proposal, image, or other communication which is obscene, lewd, lascivious, filthy, or indecent, with intent to annoy, abuse, threaten, or harass another person.'"  Landham, 251 F.3d at 1085 (quoting 42 U.S.C.A. § 223(a) (Supp. 2000)).