**VIRGINIA:**

In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond, on Thursday, the 7th day of June, 2012.

John Lombe Rives,                                          Appellant,

against   Record No. 111492
          Court of Appeals No. 2191-10-1

Commonwealth of Virginia,                              Appellee.

Upon an appeal from a judgment rendered
by the Court of Appeals of Virginia

Upon consideration of the record, briefs, and the argument of counsel for the appellant, the Court is of opinion that there is no reversible error in the judgment of the Court of Appeals.

John Lombe Rives was arrested in Virginia Beach in June 2010 for a violation of Code § 18.2-427, "Use of profane, threatening or indecent language over public airways," a Class 1 misdemeanor. Convicted in the general district court, he appealed to the Circuit Court of the City of Virginia Beach where he was again convicted and sentenced to 12 months in jail with 11 months suspended.

The facts pertinent to this appeal are undisputed. Rives was married but engaged in an adulterous affair with another woman, V.L. Rives broke off the relationship, angering V.L., who responded by calling Rives' wife. That call caused "a great deal of animosity." Rives then called V.L. and left a series of telephone messages for her, using angry, vulgar, and threatening

language.  In an agreed statement of facts, the parties agreed to the accuracy of the Commonwealth's evidence of the language employed, and agreed that the only issue before the court was a legal one: whether Rives' language was both obscene and harassing, such as would violate Code § 18.2-427.

The transcripts introduced by the Commonwealth showed that Rives made ten telephone calls to V.L. between 5:00 p.m. on May 28, 2010 and 2:15 a.m. on May 29, 2010, and that he left four messages on V.L.'s voicemail during that period.  All were similar in tone and in the language used and it will suffice, for the purposes of this appeal, to quote only two of them:

> Hey bitch!  You want to wonder why you don't have any friends?  Bitch!  I'm going to fuck you in the worst fucking way.  You understand me? . . . .

> Hope you're having a good time with this shit.  And what's going to happen is not going to be pretty. . . .

Rives appealed to the Court of Appeals.  A single judge denied his appeal by a per curiam order.  His appeal was again denied by a three-judge panel.  Both opinions were unpublished.  The Court of Appeals recognized that its precedents on the subject of obscene telephone calls, Allman v. Commonwealth, 43 Va. App. 104, 596 S.E.2d 531 (2004) and Lofgren v. Commonwealth, 55 Va. App. 116, 684 S.E.2d 223 (2009),  applied the "Miller test"[*] for the definition of

---

[*] Taken from Miller v. California, 413 U.S. 15, 24 (1973) (setting a standard whereby state laws regulating pornography may

obscenity, requiring the Commonwealth to prove that the content of the communication has as its dominant theme an appeal to the prurient interest in sex and is not mere angry name-calling. The Court held that Rives' calls met the Miller test for obscenity because the evidence was sufficient to permit a rational fact-finder to conclude that Rives' language indeed had such a dominant theme and was therefore obscene within the meaning of the statute. We awarded Rives an appeal.

In Barson v. Commonwealth, 58 Va. App. 451, 711 S.E.2d 220 (2011), the Court of Appeals expressly overruled its earlier decision in Allman and adopted a broader definition of obscenity. We reversed Barson in Barson v. Commonwealth, 284 Va. 67, 726 S.E.2d 292 (2012) (this day decided), but at the time Rives made his telephone calls in 2010, Allman was the precedent governing the definition of obscenity for the purposes of Code § 18.2-427 and the Court of Appeals did not err in applying it to the present case.

We agree with the Court of Appeals' holding that the language Rives used violated Code § 18.2-427, even if the Miller test applies to the definition of obscenity, but for a slightly different reason.

An appellate court may properly affirm a judgment appealed from where the court from which the appeal was taken reached the correct result but assigned a different reason for its holding.

pass muster under the First Amendment).

Perry v. Commonwealth, 280 Va. 572, 579, 701 S.E.2d 431, 435-36 (2010). This "right result for the wrong reason" doctrine is inapplicable where the "right reason" cannot be fully supported by the evidence in the record, where the development of additional facts would be necessary to support it, or where the appellant was not on notice in the trial court that he might be required to present evidence to rebut it. Whitehead v. Commonwealth, 278 Va. 105, 115, 677 S.E.2d 265, 270 (2009). The doctrine is applicable here because the case went to trial on stipulated facts, the record fully supports the reasoning we adopt, and Rives was on notice at trial that he was charged with violation of Code § 18.2-427. We decide the case entirely on our interpretation of that statute.

At the time of the defendant's acts in this case, the statute provided as follows:

> **§ 18.2-427. Use of profane, threatening or indecent language over public airways.** – If any person shall use obscene, vulgar, profane, lewd, lascivious, or indecent language, or make any suggestion or proposal of an obscene nature, or threaten any illegal or immoral act with the intent to coerce, intimidate, or harass any person, over any telephone or citizens band radio, in this Commonwealth, he shall be guilty of a Class 1 misdemeanor.

The General Assembly, by this statute, proscribed three separate species of conduct in the use of telephone and radio communications, when accompanied by the intent to coerce, intimidate or harass: (1) obscene language, (2) obscene suggestions or proposals, and (3) threats of illegal or immoral

4

acts. These three offenses are stated in the disjunctive, separated by "or." The first and second offenses are qualified by the word "obscene." The third offense, proscribing threats, is not so limited. We conclude that the General Assembly, having required that the first two offenses must meet the test of obscenity, deliberately chose to omit that limitation in the case of threatening language. See Zinone v. Lee's Crossing Homeowners Ass'n, 282 Va. 330, 337, 714 S.E.2d 922, 925 (2011) (explaining that the Court "presume[s] that the legislature chose, with care, the words it use[s]" when it enacts a statute and that "when the General Assembly has used specific language in one instance, but omits that language or uses different language when addressing a similar subject elsewhere in the Code, we must presume that the difference in the choice of language was intentional") (citing Addison v. Jurgelsky, 281 Va. 205, 208, 704 S.E.2d 402, 404 (2011), Hollingsworth v. Norfolk S. Ry., 279 Va. 360, 366-67 & n.2, 689 S.E.2d 651, 654-55 & n.2 (2010), and Halifax Corp. v. First Union National Bank, 262 Va. 91, 100, 546 S.E.2d 696, 702 (2001)).

We conclude that the question whether language used in telephonic communications is obscene is immaterial in cases involving threats to commit illegal or immoral acts, where the threat is made with the intent to coerce, intimidate or harass any person. Rives' language, quoted above, was clearly sufficient to enable a rational fact-finder to conclude that he was threatening

5

V.L. with physical injury in the form of a sexual offense, with the obvious intent to intimidate and harass her. Speech of that kind falls outside the protection of the First Amendment. Thorne v. Bailey, 846 F.2d 241, 243 (4th Cir. 1988). State law may proscribe it, obscene or not.

Accordingly, we affirm the conviction. The appellant shall pay to the Commonwealth of Virginia two hundred and fifty dollars damages.

Justices McClanahan and Powell took no part in the consideration of this case.

This order shall be certified to the Court of Appeals of Virginia and to the Circuit Court of the City of Virginia Beach and shall be published in the Virginia Reports.

_____

CHIEF JUSTICE KINSER, with whom JUSTICE LEMONS joins, dissenting.

The "right result for the wrong reason" doctrine cannot be utilized when a defendant is not on notice at trial to present evidence to rebut a particular method of proof articulated by the Commonwealth. Whitehead v. Commonwealth, 278 Va. 105, 115, 677 S.E.2d 265, 270 (2009). In the case before us, the parties stipulated that "the only issue presented at trial was a legal one, namely whether or not the language used by [John Lombe] Rives was both obscene and harassing, such that it would violate" Code

6

§ 18.2-372. Based on that stipulation, the trial court found the language used by Rives "both obscene and harassing."

I agree with the majority that Rives was on notice that he was charged with violating Code § 18.2-427 by virtue of the indictment. But, as the majority recognizes, that statute "proscribe[s] three separate species of conduct." The stipulation makes clear that the Commonwealth was not pursuing a theory of guilt predicated on that portion of the statute making it illegal for a person to "threaten any illegal or immoral act with the intent to coerce, intimidate, or harass . . . over any telephone." Code § 18.2-427.[**] Instead the Commonwealth's theory was that Rives had used "obscene . . . language . . . with the intent to . . . harass." Id. Thus, Rives was not on notice to present evidence to rebut the charge of "threaten[ing] any illegal or immoral act" with the intent to harass. Id. It is inappropriate, therefore, to apply the "right result for the wrong reason" doctrine to affirm the trial court's judgment. See Whitehead, 278 Va. at 115, 677 S.E.2d at 270.

For the reasons stated in Barson v. Commonwealth, 284 Va. 67, 726 S.E.2d 292 (2012) (this day decided), I conclude that the statutory definition of the term "obscene" set forth in Code § 18.2-372 applies to the offense proscribed in Code § 18.2-427. Although the language Rives used in the telephone messages at issue

---

[**] As in effect prior to the amendment by 2010 Acts ch. 565. The statute currently features substantially similar language.

7

was rude, vulgar, and disgusting, I also conclude that it does not satisfy that definition.

Thus, I respectfully dissent and would reverse the judgment of the Court of Appeals of Virginia affirming the conviction.

A Copy,

Teste:

Patricia L. Harrington, Clerk

8