PRESENT: Kinser, C.J., Lemons, Goodwyn, Millette, and Mims, JJ., and Carrico and Russell, S.JJ.

DENNIS B. BARSON, JR.

v.   Record No. 111406

COMMONWEALTH OF VIRGINIA

OPINION BY
JUSTICE DONALD W. LEMONS
June 7, 2012

FROM THE COURT OF APPEALS OF VIRGINIA

In this appeal from a misdemeanor conviction of "harassment by computer" pursuant to Code § 18.2-152.7:1, we consider whether the Court of Appeals erred in holding that the language utilized by Dennis B. Barson, Jr. ("Barson") in his emails was "obscene."

I. Facts and Proceedings Below

The facts material to this appeal are undisputed.  In April 2009, Barson and his wife had been married eight years. By that time they had become estranged.  Barson lived in Austin, Texas, completing his medical specialty training in neurology while his wife lived in Virginia Beach with their children.

On May 1, 2009, Barson received a telephone call from a friend informing him of an advertisement for sex appearing on "Craigslist," an online advertising website.  After visiting the website, Barson became embarrassed and angry.  He tried to call his wife but she failed to respond to any of his telephone calls.  He then began sending emails to his wife, her family

and friends. When he received replies from friends and family members, he forwarded them to his wife. His wife received 87 of these emails in the first 14 days of May 2009, and hundreds more during the next six months.

Barson's emails contained language accusing his wife of having "sex with anonymous strangers" on Craigslist, of having a "new hobby of soliciting sex on CL," of having "risky gutter sex," of "vacuum[ing] his baby to death" and of being a "coke whore baby killing prostitute." He also accused her of engaging in sexual acts with identified men. The defendant admitted at trial that he was angry when he sent the emails and that he intended to embarrass his wife, but he testified that his original motive in sending them was to compel her to respond to his telephone calls. He has not, however, assigned error to the trial court's finding, or the Court of Appeals' holding, that he sent the emails with the intent to harass his wife.

On his wife's complaint, Barson was arrested and tried on a misdemeanor warrant in the Juvenile and Domestic Relations District Court of the City of Virginia Beach. He was convicted and appealed to the Circuit Court of the City of Virginia Beach. At a bench trial, the court found Barson guilty and imposed a $250 fine. Barson appealed the conviction to the Court of Appeals.

A divided panel of the Court of Appeals reversed the conviction on the ground that the content of Barson's emails was not obscene under the definition of obscenity the Court of Appeals had adopted in Allman v. Commonwealth, 43 Va. App. 104, 596 S.E.2d 531 (2004). Barson v. Commonwealth, Record No. 2464-09-1, slip op. at 18-19 (Nov. 2, 2010) (unpublished). The Court granted the Commonwealth's petition for a rehearing en banc.

In its decision en banc, the Court of Appeals decided that its earlier definition of obscenity expressed in Allman rendered the statute under consideration "too narrowly tailored for its purpose." The Court expressly overruled its decision in Allman and adopted a broader definition of obscenity derived from a dictionary. The Court ultimately held that Barson's emails were obscene within its newly-adopted definition, reversed the panel's decision, and affirmed Barson's conviction. Barson v. Commonwealth, 58 Va. App. 451, 461-64, 711 S.E.2d 220, 225-27 (2011). We awarded Barson an appeal.

## II. Analysis

### A. Standard of Review

This appeal presents questions of law, to which we apply a de novo standard of review. Phelps v. Commonwealth, 275 Va. 139, 141, 654 S.E.2d 926, 927 (2008).

B. The Statute

Code § 18.2-152.7:1 provides:

> Harassment by computer; penalty. . . . If any
> person, with the intent to coerce, intimidate, or
> harass any person, shall use a computer or
> computer network to communicate obscene, vulgar,
> profane, lewd, lascivious, or indecent language,
> or make any suggestion or proposal of an obscene
> nature, or threaten any illegal or immoral act,
> he shall be guilty of a Class 1 misdemeanor.

The statute does not merely proscribe harassment; rather, it enumerates specific elements of the offense that must be proved. Accordingly, in the context of this case, in order to support a conviction under Code § 18.2-152.7:1, the Commonwealth must prove the following elements:

1. The accused used a computer or computer network;

2. To communicate obscene language;

3. With the intent to coerce, intimidate or harass.

Significantly, Barson does not argue on appeal that the evidence was insufficient to establish that he intended to "coerce, intimidate, or harass" his wife. As the Court of Appeals recognized in its en banc opinion, "[t]here is no dispute in this case that the evidence presented was sufficient to show Barson intended to harass [his wife]; Barson merely contends his language was not obscene." Barson v. Commonwealth, 58 Va. App. 451, 462-63, 711 S.E.2d 220, 226 (2011). Barson testified at trial "that he sent the e-mails

4

because he was angry, hurt, and embarrassed.  He was also trying to 'get a response' from [his wife].  Barson additionally testified he assumed that by forwarding the e-mails to her friends and family members, [his wife] would be embarrassed."  Id. at 455, 711 S.E.2d at 222.

There is no dispute about satisfaction of the required elements for the use of a computer or the intent to harass.  This case is about the statutory elements of the offense as specified by the General Assembly that require the speech at issue be "obscene."  The dispositive question before us is what definition of "obscene" should apply.  To be more precise, the question before us is whether the statutory definition of "obscene" found in Code § 18.2-372 should apply or whether the dictionary's definition utilized by the Court of Appeals should apply.  In arriving at an answer to that question, it is helpful to trace the history and the Court of Appeals' cases that deal with this definition.

Following the United States Supreme Court decision in Miller v. California, 413 U.S. 15 (1973), the General Assembly enacted a statutory definition of obscenity:

> § 18.2-372.  "Obscene" defined. – The word "obscene" where it appears in this article shall mean that which, considered as a whole, has as its dominant theme or purpose an appeal to the prurient interest in sex, that is, a shameful or morbid interest in nudity, sexual conduct, sexual excitement, excretory functions or products

5

thereof or sadomasochistic abuse, and which goes
substantially beyond customary limits of candor
in description or representation of such matters
and which, taken as a whole, does not have
serious literary, artistic, political or
scientific value.

The definition expressly applies the "Miller test" definition
to Article 5 ("Obscenity and Related Offenses") of Chapter 8
("Crimes Involving Morals and Decency") of Title 18.2 of the
Code.  However, Code § 18.2-152.7:1 concerning harassment by
computer, and Code § 18.2-427 concerning obscene telephone
calls, do not appear in Article 5 or in any other part of
Chapter 8.  Instead, the computer statute appears in Chapter 5,
"Crimes Against Property" and the telephone statute appears in
Chapter 9, "Crimes Against Peace and Order."  The General
Assembly did not expressly provide a statutory definition of
"obscene" that applied to either the computer or the telephone
statutes.

Nevertheless, in deciding Allman in 2004, the Court of
Appeals held that the statutory definition of obscenity as
expressed in Code § 18.2-372 should apply to a prosecution
under Code § 18.2-427 for making obscene telephone calls.  The
Court's conclusion was based upon the premise that the Code of
Virginia "constitutes a single body of law and other sections
can be looked to where the same phraseology is employed."

<u>Allman</u>, 43 Va. App. at 109, 596 S.E.2d at 534 (internal quotation marks omitted).

In <u>Allman</u>, the defendant made telephone calls to an attorney, reviling him for his conduct in a civil case. The defendant used a term having a strong sexual connotation but employed it in a sense that it merely accused the attorney of cowardice or effeminacy. Applying Code § 18.2-372, the Court held that the defendant's language was not such as to create a jury issue whether, considered as a whole, it had as its dominant theme or purpose an appeal to the prurient interest in sex. <u>Id.</u> at 113, 596 S.E.2d at 535. The Court of Appeals therefore held that Allman's telephone calls were not obscene and reversed his conviction. <u>Id.</u> at 113, 596 S.E.2d at 536.

The Court of Appeals followed <u>Allman</u> in <u>Lofgren v. Commonwealth</u>, 55 Va. App. 116, 684 S.E.2d 223 (2009), a similar case of telephone calls employing words having explicit sexual connotations that were used to express anger or contempt. The Court reversed the conviction, holding that, in context, the words lacked an appeal to the prurient interest in sex. <u>Id.</u> at 121-22, 684 S.E.2d at 226.

In <u>Airhart v. Commonwealth</u>, Record No. 1219-05-2 (Jan. 16, 2007) (unpublished), the Court of Appeals considered obscenity in the context of the statute with which we are concerned in

7

the present case, harassment by computer under Code § 18.2-152.7:1.

Noting the parallel language employed by the General Assembly in Code §§ 18.2-152.7:1 and 18.2-427, and the fact that both sections lacked an express statutory definition of "obscene," the Court of Appeals applied the definition in Code § 18.2-372 and followed in Allman, to a prosecution for harassment by computer. Although the words used by Airhart had explicit sexual connotations, they were used to express anger, contempt and disgust and were not used in an erotic sense. Because Airhart's language did not appeal to the prurient interest in sex, the Court of Appeals held that it was not obscene and reversed Airhart's conviction. Id., slip op. at 4-5.

As previously observed, the statute in this case does not fall within Article 5 ("Obscenity and Related Offenses") of Chapter 8 ("Crimes Involving Morals and Decency") of Title 18.2 of the Code. Also as previously observed, the Court of Appeals has utilized the definition provided by Code § 18.2-372 outside of Article 5 of Chapter 8 of the Code.

In this case, however, the Court of Appeals abruptly changed course, overruled Allman to the extent that decision "requires . . . a different meaning of the word 'obscene,' " and held that "the application of the ordinary meaning of the

8

word 'obscene' to the conduct prohibited by Code § 18.2-152.7:1 is more consistent with the stated intent of the legislature than the ad hoc definition crafted in [Allman]."[*]  Barson, 58 Va. App. at 463, 711 S.E.2d at 226.  Applying its newly adopted "plain and ordinary meaning" of the term "obscene," the Court of Appeals concluded that Allman's "application of the definition for the word 'obscene' contained in Code § 18.2-372 to other sections of the Code outside of that [a]rticle, such as Code § 18.2-427, resulted in a statute too 'narrowly tailored' for its purpose."  Id. at 461, 711 S.E.2d at 225. Accordingly, the Court of Appeals concluded that the trial court did not err in finding the evidence sufficient to support Barson's conviction under Code § 18.2-152.7:1, and affirmed his conviction.  Id. at 463-64, 711 S.E.2d at 226-27.

"It is a common canon of statutory construction that when the legislature uses the same term in separate statutes, that term has the same meaning in each unless the General Assembly indicates to the contrary."  Jenkins v. Mehra, 281 Va. 37, 48, 704 S.E.2d 577, 583 (2011) (quoting Commonwealth v. Jackson, 276 Va. 184, 194, 661 S.E.2d 810, 814 (2008)).

---

[*] The Court of Appeals adopted the definition of "obscene" contained in Webster's Third New International Dictionary 1557 (3rd ed. 1993), which defines "obscene" as "1: disgusting to the senses . . . 2: offensive or revolting as countering or violating some ideal or principle."  Barson, 58 Va. App. at 463, 711 S.E.2d at 226.

The General Assembly provided a definition of "obscene" in Code § 18.2-372 to comport with the constitutional requirements articulated in Miller.  Accordingly, there is no suggestion that this definition is constitutionally infirm.  The Court of Appeals has for the last eight years utilized this definition outside of Article 5, Chapter 8 of Title 18.2.  The legislature is presumed to be aware of this usage.  Its acquiescence is deemed to be approval.  Tazewell County School Board v. Brown, 267 Va. 150, 163-64, 591 S.E.2d 671, 678 (2004).

### III. Conclusion

The definition of "obscene" provided by the General Assembly in Code § 18.2-372, and previously adopted by the Court of Appeals controls this case.  Accordingly, the Court of Appeals erred in substituting a dictionary definition for that provided by the General Assembly.

Additionally, upon review of the record we hold that Barson's emails to his wife, as offensive, vulgar, and disgusting as their language may have been, did not meet the standard of obscenity provided by Code § 18.2-372.  Accordingly, we will reverse the judgment of the Court of Appeals and enter final judgment vacating Barson's conviction.

Reversed and final judgment.

SENIOR JUSTICE RUSSELL, with whom JUSTICE GOODWYN and JUSTICE MILLETTE join, concurring.

10

We join in the majority opinion and concur in the result but write separately to emphasize two matters we consider significant.

## A. Obscenity

Because the interpretation of Code § 18.2-152.7:1 presents a question of first impression to this Court, it is helpful to begin our analysis with a consideration of the history of Code § 18.2-427, which contains parallel language, is directed to the closely related subject of obscene telephone calls, and which has received considerable judicial attention.

Former Code § 18.1-238 made it a misdemeanor to "curse or abuse anyone, or use vulgar, profane, threatening or indecent language over any telephone in this State."  In Walker v. Dillard, 523 F.2d 3, 6 (4th Cir. 1975), the United States Court of Appeals for the Fourth Circuit held that section unconstitutionally overbroad because the imprecision of its language had the potential of criminalizing speech protected by the First Amendment.

In response to Walker, the General Assembly amended and reenacted the former statute as Code § 18.2-427, which at the time of the underlying offense in this case provided as follows:

> **§ 18.2-427.  Use of profane, threatening or indecent language over public airways.** – If any person shall use

11

obscene, vulgar, profane, lewd, lascivious, or indecent language, or make any suggestion or proposal of an obscene nature, or threaten any illegal or immoral act with the intent to coerce, intimidate, or harass any person, over any telephone or citizens band radio, in this Commonwealth, he shall be guilty of a Class 1 misdemeanor.

The Court of Appeals of Virginia was thereafter called upon to determine whether the new statute was constitutionally overbroad on its face. The Court resolved that question by construing the statute to read the phrase "with the intent to coerce, intimidate, or harass" as a limitation applying to the words "obscene, vulgar, profane, lewd, lascivious, or indecent language." That construction "removes protected speech from within the statute's sweep." The Court further concluded that the legislature intended to address harassing conduct as the evil to be proscribed and to narrow the scope of the statutory language under consideration to that which is obscene. Perkins v. Commonwealth, 12 Va. App. 7, 14, 402 S.E.2d 229, 233 (1991).

We agree with the Court of Appeals' reasoning in Perkins. When constitutionally protected speech is placed beyond the reach of the statute, the statute remains as a proscription of assaultive or harassing conduct, not a limitation on constitutionally protected speech. As the Walker court recognized, the state has a legitimate interest in prohibiting obscene, threatening and harassing telephone calls. Generally, these fall outside the protection of the First Amendment.

12

Walker, 523 F.2d at 4. United States v. Eckhardt, 466 F.3d 938, 944 (11th Cir. 2006); Gilbreath v. State, 650 So.2d 10, 12 (Fla. 1995); State v. Richards, 896 P.2d 357, 362 (Idaho Ct. App. 1995); State v. Dyson, 872 P.2d 1115, 1120 (Wash. Ct. App. 1994); State v. Kipf, 450 N.W.2d 397, 409 (Neb. 1990); Thorne v. Bailey, 846 F.2d 241, 243 (4th Cir. 1988); People v. Taravella, 350 N.W.2d 780, 783 (Mich. 1984); Gormley v. Director, Connecticut State Dep't of Probation, 632 F.2d 938, 941 (2nd Cir. 1980); People v. Weeks, 591 P.2d 91, 96 (Colo. 1979); State v. Hagen, 558 P.2d 750, 753 (Ariz. Ct. App. 1976). The Supreme Court of the United States has not disturbed those decisions on appellate review or on certiorari.

As the majority opinion points out, the General Assembly had an opportunity to apply its statutory definition of obscenity, expressed in Code § 18.2-372, to its laws regulating telephone calls and harassment by computer, but chose not to do so by expressly restricting the application of § 18.2-372 to other parts of the Code. Thus, as late as 2004, there was neither a legislative nor a judicial interpretation of the term "obscene," as it appears in those statutes in Virginia.

In Allman v. Commonwealth, 43 Va. App. 104, 596 S.E.2d 531 (2004), the Court of Appeals reasoned that the Miller definition of obscenity as expressed in Code § 18.2-372 should apply to a prosecution under Code § 18.2-427 for making obscene

13

telephone calls. As the majority opinion states, the Court's conclusion was based upon the premise that the Code of Virginia "constitutes a single body of law and other sections can be looked to where the same phraseology is employed." Allman, 43 Va. App. at 109, 596 S.E.2d at 534 (internal quotation marks omitted).

The Court of Appeals then followed Allman with its decisions in Lofgren v. Commonwealth, 55 Va. App. 116, 684 S.E.2d 223 (2009), and Airhart v. Commonwealth, Record No. 1219-05-2 (Jan. 16, 2007) (unpublished), making abundantly clear that it had decided that the Miller test was applicable to all prosecutions in Virginia for violations of the obscene telephone calls statute or the harassment by computer statute.

The Court of Appeals panel decision held, in the present case, that Barson's emails to his wife "unquestionably contained vulgar, offensive, and sexually explicit language" but were used to express anger and contempt and did not support a finding that they had as their " 'dominant theme or purpose an appeal to the prurient interest in sex.' " We agree with the panel's decision that at the time Barson sent his emails to his wife, they failed, for that reason, to meet the Miller test of obscenity that had been adopted by the Court of Appeals in Allman.

14

It is beyond question that in 2009, Allman contained the only published appellate interpretation of "obscene" as used in statutes governing electronic communications in Virginia. For the reasons expressed above, we do not consider the Miller test to be constitutionally mandated when applied to statutes regulating harassing conduct, rather than speech protected by the First Amendment. We agree, however, with the majority's reasoning that the General Assembly has tacitly approved the Allman holding by leaving the relevant statutes unamended for the eight years that have passed since Allman was decided.

## B. Due Process

The Court of Appeals en banc, in reversing the panel decision in Barson's case, did not disagree with the panel's decision that Allman expressed the governing law at the time of Barson's offense, but simply overruled Allman, substituted a broader definition of obscenity that had the effect of criminalizing Barson's conduct, and reversed the panel's decision.

Barson argues that this change of the definition of obscenity in 2011, if retroactively applied to his conduct in 2009, infringes his right to due process of law, citing Bouie v. City of Columbia, 378 U.S. 347, 353 (1964) ("An unforeseeable judicial enlargement of a criminal statute,

15

applied retroactively, operates precisely like an _ex_ _post_ _facto_ law, such as Art. 1, § 10 of the Constitution forbids").

In response, the Commonwealth contends that the decision in _Allman_ was not binding precedent, citing our observation in _Armstrong v. Commonwealth_, 263 Va. 573, 562 S.E.2d 139 (2002): "[W]hile published panel decisions of the Court of Appeals are precedent binding on other panels of that Court, the precedent remains subject to review by the Court of Appeals sitting _en_ _banc_ and by this Court on appeal." _Id._ at 581, 562 S.E.2d at 143 (citation omitted).

We do not agree with the Commonwealth. While it is true that published panel decisions of the Court of Appeals, within the time periods prescribed by the Rules of Court, are subject to review by that Court en banc and by this Court on appeal, nothing we said in _Armstrong_ supports a conclusion that such panel decisions, after the times for review en banc and for appeal have expired without any modification by either appellate court, are anything less than binding legal precedent. The Court of Appeals is a court of statewide appellate jurisdiction. Its published decisions in cases within its jurisdiction, whether en banc or by a panel acting for the Court, are, when final, precedents binding all who are subject to the laws of Virginia.

It is also true that an appellate court may at some time after establishing a precedent, revisit the issue in a later case and modify or expressly overrule its earlier decision, as the Court of Appeals did here with its earlier decision in <u>Allman</u>.  This Court may also expressly overrule an earlier decision of the Court of Appeals that was not disturbed on direct appeal, but unless and until such an overruling occurs, the earlier decision of the Court of Appeals stands as precedent.

An ancient maxim of the common law is <u>ignorantia</u> <u>legis</u> <u>neminem</u> <u>excusat</u>.  <u>See</u>, <u>e.g.</u>, <u>Wimbish v. Commonwealth</u>, 75 Va. 839, 844 (1880).  But if ignorance of the law excuses no one, then all who are subject to the law are presumed to know what the law requires and to conduct themselves accordingly.  They cannot be expected to conform their actions to laws that are not announced until after they have acted.  Therefore, Barson's emails to his wife, as offensive, vulgar and disgusting as their language may have been, did not meet the standard of obscenity that prevailed in Virginia at the time they were sent.  His conviction under a broader standard of obscenity that retroactively criminalized his conduct violated his constitutional right to due process of law.  That is, in itself, sufficient ground for reversing the judgment of the Court of Appeals and vacating Barson's conviction.