COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Huff, Judges Chafin and Decker
Argued at Salem, Virginia

PUBLISHED

TINA MARIE BRYANT

                                         OPINION BY

v.      Record No. 0922-16-3            JUDGE MARLA GRAFF DECKER
                                            APRIL 25, 2017

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
Bruce D. Albertson, Judge

Andrew C. Graves for appellant.

Aaron J. Campbell, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Tina Marie Bryant appeals her conviction for unlawfully discharging a firearm within an

occupied building in violation of Code § 18.2-279. She argues that the evidence was insufficient

to support her conviction because it did not prove that she intended to fire the gun. The appellant

also contends that the trial court erred by denying her proposed jury instruction regarding

accident. For the reasons that follow, we conclude that the evidence supports a factual finding

that the appellant discharged the firearm in violation of Code § 18.2-279. In addition, the trial

court did not err in rejecting the appellant's proposed jury instruction that the jury could find her

guilty only if the Commonwealth proved that the discharge of the gun was not accidental.

Consequently, we affirm the conviction.

## I. BACKGROUND[1]

On August 8, 2015, the appellant took a .45 caliber handgun from a friend and drove to a hotel intending to commit suicide. Officers of the Rockingham County Sheriff's Department were dispatched to check on the appellant's welfare. They arrived at the hotel and attempted to make contact with her in her first floor room. When the appellant did not respond to the officers, Corporal Thomas James, Deputy Terry Hoopes, and Sergeant Mike Deeds attempted to open the hotel room door. The appellant told them that she had a gun and would shoot herself if they came into the room.

The officers described her as "upset," "angry," and "loud." They tried to calm her. They believed that they were making progress and that she began to "de-escalat[e]." After about ten minutes, the officers were surprised by a gunshot from within the appellant's hotel room. Sergeant Deeds asked the appellant several times through the door if she "was okay." She responded that she was not hurt.

The officers instructed the appellant to put down the gun, open the window curtains at the rear of the room, and put her hands on the window. Investigators Douglas Miller, Jr., and Wesley Burgoyne stood with Deputy Hoopes to the sides of the window. Miller and Burgoyne saw the appellant point a gun at them through the window. Hoopes saw her "wave" the gun. Shortly thereafter, the appellant put the gun down, and the officers forced entry into the room.

---

[1] In an analysis of the sufficiency of the evidence to prove that the appellant's discharge of the firearm was in violation of Code § 18.2-279, this Court considers the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences that flow from the evidence. Startin v. Commonwealth, 281 Va. 374, 379, 706 S.E.2d 873, 876 (2011). Additionally, however, this case involves the rejection of a proposed jury instruction. In determining whether a trial court erred in refusing a proffered jury instruction, we view the evidence in the light most favorable to the proponent of the instruction, in this case the appellant. Commonwealth v. Vaughn, 263 Va. 31, 33, 557 S.E.2d 220, 221 (2002). Consequently, we set out all evidence relevant to both issues before the Court.

The appellant was arrested and taken into custody. She had an injury on her hand. The injury was "indicative" that she "had [her] hand too close to the slide [of the firearm] as the slide ejected [a ]round when the slide came back." There was a bullet hole in the floor of the hotel room.

The appellant testified in her defense. She said that she was depressed over the loss of her job and her mother's death. The appellant acknowledged that she had put her finger on the trigger with the gun pointed at her head and started to press the trigger. She intended to kill herself but then changed her mind. The appellant explained that as she started to put the gun down, she had her finger on the trigger and then heard the gun fire. She said that she did not mean to fire the gun. According to the appellant, she did not recall whether she had the gun in her hand when she was at the window after it fired.

Corporal James estimated that the "trigger pull weight" on the seized firearm was seven pounds. He explained that even if the trigger had been pulled partially back, it would still take seven pounds of pressure on the trigger to fire the weapon. However, James noted that he did not know if the gun "was in single or double action" when the appellant discharged it, which would affect the "amount of trigger pull." The law enforcement witnesses also testified that they were trained not to put their fingers on the triggers of their firearms unless they intended to fire their weapons. James explained that otherwise the trigger may be pulled through a "sympathetic response" because if a person squeezes one hand, the other hand "is more than likely going to squeeze," resulting in an accidental trigger pull.[2]

Deputy Hoopes testified that after the incident, the appellant told the deputy that she was familiar with firearms and routinely fired them at the shooting range. At trial, however, the

---

[2] James explained that his service weapon had a trigger pull of five and a half pounds, but he modified the firearm to have a trigger pull of three and a half pounds.

appellant testified that she did not recall making these statements, was not familiar with firearms, and had not previously fired a gun.

After completion of the evidence, the appellant proffered a jury instruction that the Commonwealth was required to prove that the shooting was not accidental. The court refused the instruction as not supported by the law and unnecessarily confusing. The appellant nevertheless argued to the jury in closing that the firearm discharged accidentally. In contrast, the prosecutor argued that the appellant intentionally fired the gun.

The jury found the appellant guilty of unlawfully discharging a firearm within an occupied building in violation of Code § 18.2-279. It did not impose a term of incarceration and instead fixed the appellant's sentence at a fine of zero dollars. The trial court sentenced the appellant in accordance with the jury's recommendation.

## II. ANALYSIS

The appellant argues that the evidence was not sufficient to support her conviction for unlawfully discharging a firearm within an occupied building because the Commonwealth did not establish that she intended to fire the gun. She also argues that the trial court erred by refusing her proposed jury instruction on accident.

### A. Code § 18.2-279 and Sufficiency[3]

The appellant challenges the trial court's application of Code § 18.2-279. She contends that the Commonwealth was required to prove that she specifically intended to discharge the firearm and that the prosecution failed to meet that burden.

---

[3] We consider the appellant's sufficiency argument first because her challenge to the sufficiency of the evidence, if successful, would moot her assignment of error on the jury instruction. See, e.g., Dennos v. Commonwealth, 63 Va. App. 139, 144, 754 S.E.2d 913, 915-16 (2014).

Prior to considering the appellant's specific challenge to the sufficiency of the evidence, this Court must determine the level of *mens rea* required to establish an unlawful discharge of a firearm under Code § 18.2-279. The interpretation of a statute is a question of law, which the appellate court reviews *de novo*. L.F. v. Breit, 285 Va. 163, 176, 736 S.E.2d 711, 718 (2013); Ngomondjami v. Commonwealth, 54 Va. App. 310, 319, 678 S.E.2d 281, 286 (2009). "This same *de novo* standard of review applies to determining the proper definition of a particular word in a statute." Miller v. Commonwealth, 64 Va. App. 527, 537, 769 S.E.2d 706, 711 (2015).

When a "statute is subject to more than one interpretation, we must apply the interpretation that will carry out the legislative intent behind the statute." Scott v. Commonwealth, 58 Va. App. 35, 48, 707 S.E.2d 17, 24 (2011) (quoting Evans v. Evans, 280 Va. 76, 82, 695 S.E.2d 173, 176 (2010)). "While we construe penal statutes strictly against the Commonwealth, 'a statute should be read to give reasonable effect to the words used . . . .'" Johnson v. Commonwealth, 37 Va. App. 634, 639, 561 S.E.2d 1, 3 (2002) (quoting Dillard v. Commonwealth, 28 Va. App. 340, 344, 504 S.E.2d 411, 413 (1998)). Further, we "'presume[] that the legislature chose, with care, the words it use[d]' when it enact[ed] a statute." Rives v. Commonwealth, 284 Va. 1, 3, 726 S.E.2d 248, 250 (2012) (quoting Zinone v. Lee's Crossing Homeowners Ass'n, 282 Va. 330, 337, 714 S.E.2d 922, 925 (2011)).

The applicable statute reflects a tiered approach involving several distinct offenses. Code § 18.2-279 provides, in pertinent part, that it is a Class 6 felony for any person to "unlawfully" discharge "a firearm within any building when occupied by one or more persons in such a manner as to endanger the life or lives of such person or persons." The code section further

- 5 -

provides that it is a more serious Class 4 felony for a person to commit such an act "maliciously."[4]  Code § 18.2-279.

The statute also provides that if such unlawful act results in the "death of any person," the offender "is guilty of involuntary manslaughter."  Id.  In contrast, if a malicious violation of the statute results in a person's death, the offender is guilty of second-degree murder.  Id.  Further, if "the homicide is willful, deliberate, and premeditated," the offender is guilty of first-degree murder.  Id.

The question presented in this case is what level of intent or *mens rea* is required to prove the *unlawful* discharge of a firearm under Code § 18.2-279.[5]  In determining the definition of "unlawful" as used by the legislature, this Court has previously held that the "traditional understanding of the word 'unlawfully' and the conduct usually proscribed by that word" is "criminally negligent conduct."  Scott, 58 Va. App. at 52, 707 S.E.2d at 26; see also Crowder v. Commonwealth, 16 Va. App. 382, 384, 429 S.E.2d 893, 894 (1993) (interpreting the word "unlawful" in a statute to mean criminal negligence).  Criminal negligence occurs "when acts of a wanton or willful character, committed or omitted, show 'a reckless or indifferent disregard of the rights of others, under circumstances reasonably calculated to produce injury, or which make it not improbable that injury [will occur].'"  Noakes v. Commonwealth, 280 Va. 338, 346, 699 S.E.2d 284, 288 (2010) (quoting Brown v. Commonwealth, 278 Va. 523, 528, 685 S.E.2d 43, 46

---

[4] In addition, the statute classifies "willfully" discharging a firearm within, or shooting at, a school building as a Class 4 felony.  Code § 18.2-279.

[5] An offense under Code § 18.2-279 has been described as a "a general intent offense." Fleming v. Commonwealth, 13 Va. App. 349, 354, 412 S.E.2d 180, 183 (1991); see also Ellis v. Commonwealth, 281 Va. 499, 506, 706 S.E.2d 849, 852 (2011) (holding that to support a conviction for discharging a firearm "at or against any occupied building," the Commonwealth need not establish that the defendant had a specific intent to shoot a particular building).  See generally Winston v. Commonwealth, 268 Va. 564, 600, 604 S.E.2d 21, 41 (2004) ("General intent is the intent to perform an act even though the actor may not desire the consequences that result.").

(2009)).  In addition, the offender must "know[], or [be] charged with the knowledge of, the probable result of [her] act[]."  Id. (quoting Brown, 278 Va. at 528-29, 685 S.E.2d at 46).  Conduct that begins as lawful can become unlawful and rise to the level of criminal negligence if it is "done without requisite caution."  Crowder, 16 Va. App. at 385, 429 S.E.2d at 894 (quoting Gooden v. Commonwealth, 226 Va. 565, 571, 311 S.E.2d 780, 784 (1984)).  The standard for determining whether a defendant acted with criminal negligence is an objective one.  Doggett v. Commonwealth, 66 Va. App. 219, 226, 783 S.E.2d 555, 559 (2016).

Based on the composition of Code § 18.2-279, we conclude that the legislature intended the traditional meaning of the word unlawful, *i.e.*, criminal negligence, to inform its application.[6] This interpretation is consistent with the statute's provision that an unlawful discharge of a firearm that results in the death of another person is involuntary manslaughter.  Involuntary manslaughter, like an unlawful discharge of a firearm under Code § 18.2-279, requires a showing of criminal negligence.  See Gooden, 226 Va. at 571, 311 S.E.2d at 784; Gregg v. Commonwealth, 67 Va. App. 375, 386, 796 S.E.2d 447, 453 (2017) (holding that "[t]he predicate facts of an unlawful shooting at an occupied vehicle resulting in death" under Code § 18.2-154, the vehicular counterpart to Code § 18.2-279, "would always constitute criminal negligence").  Consequently, in order to support a conviction for "unlawfully" violating Code § 18.2-279, the Commonwealth must prove that the appellant acted in reckless disregard for the safety of others.

---

[6] We note that an unlawful discharge of a firearm in an occupied building under Code § 18.2-279 is not a strict liability offense.  See Ellis, 281 Va. at 506, 706 S.E.2d at 852 (in the context of a conviction for unlawfully discharging a firearm at or against an occupied building, noting that "the evidence need only show that a defendant who unlawfully discharges a firearm knew or should have known that an occupied building or buildings were in [her] line of fire"); Saunders v. Commonwealth, 31 Va. App. 321, 324, 523 S.E.2d 509, 511 (2000) ("*[M]ens rea* or *scienter* is simply the unlawful intent or design necessary to any criminal act that is not a strict liability offense.").

Further supporting this conclusion is the statute's differentiation between "maliciously" and "unlawfully." The legislature made a malicious violation of the statute a Class 4 felony but an unlawful violation of the statute a Class 6 felony. Code § 18.2-279. Therefore, a person who commits the offense maliciously is subject to a more severe penalty. See Code § 18.2-10. In light of this scheme, clearly the term "malicious" connotes a more culpable mental state than "unlawful." See Scott, 58 Va. App. at 50-51, 707 S.E.2d at 25 (differentiating Code § 18.2-137's use of "intentionally" from "unlawfully" based on the different penalties provided). "The authorities are replete with definitions of malice, but a common theme running through them is a requirement that a wrongful act be done 'wilfully or purposefully.'" Essex v. Commonwealth, 228 Va. 273, 280, 322 S.E.2d 216, 220 (1984) (quoting Williamson v. Commonwealth, 180 Va. 277, 280, 23 S.E.2d 240, 241 (1942)). The appellant's proposed interpretation of the statute, that an unlawful discharge of the firearm requires proof that the offender specifically intended to discharge her weapon, would erase any meaningful distinction between "maliciously" and "unlawfully" for purposes of the statute. See generally Rives, 284 Va. at 3, 726 S.E.2d at 250 (presuming that the legislature chooses statutory wording with care); Turner v Commonwealth, 65 Va. App. 312, 325, 777 S.E.2d 569, 576 (2015) (rejecting the defendant's proposed interpretation of a statute because it "would lead to absurd results").

Having addressed the construction of the unlawful requirement under Code § 18.2-279, we turn to the analysis of the sufficiency of the evidence to prove the charged offense. This Court considers the evidence in the light most favorable to the Commonwealth, as the prevailing party below, granting to it all reasonable inferences that flow from the evidence. Startin v. Commonwealth, 281 Va. 374, 379, 706 S.E.2d 873, 876 (2011). "Viewing the record through this evidentiary prism requires [the Court] to 'discard the evidence of the accused in conflict with that of the Commonwealth . . . .'" Cooper v. Commonwealth, 54 Va. App. 558, 562, 680 S.E.2d

361, 363 (2009) (quoting Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980)). This Court will "reverse the judgment of the trial court" only "if the judgment 'is plainly wrong or without evidence to support it.'" Clark v. Commonwealth, 279 Va. 636, 640, 691 S.E.2d 786, 788 (2010) (quoting Wilson v. Commonwealth, 272 Va. 19, 27, 630 S.E.2d 326, 330 (2006)). "If there is evidence to support the conviction[], the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial." Id. at 641, 691 S.E.2d at 788 (quoting Commonwealth v. Jenkins, 255 Va. 516, 520, 499 S.E.2d 263, 265 (1998)). The pivotal question on appellate review of a sufficiency issue is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).

In this case the appellant does not dispute that she fired the gun into the floor of the hotel room. There is also no dispute that she knew that she was in a building occupied by other people. She was aware that she was in a hotel with other individuals, including the staff person who checked her into her room and the several law enforcement officers at her door and her window. Further, it is uncontested that the appellant placed her finger on the trigger, setting in motion the ability of the gun to discharge once proper pressure was applied. Corporal James testified that seven pounds of pressure was required to fire the handgun found in the appellant's possession and that, in his experience, he had not known of a gun to fire without the trigger being pulled. After the appellant fired the gun, officers saw her point it at them. See Simon v. Commonwealth, 58 Va. App. 194, 206, 708 S.E.2d 245, 251 (2011) (holding that circumstantial evidence of intent may include a person's conduct, including conduct that occurred "after the events that constitute the charged crime"). Contrary to the appellant's testimony at trial that she

was not familiar with firearms, Deputy Hoopes testified the appellant told her that she was familiar with firearms and had previously fired guns. See, e.g., Phan v. Commonwealth, 258 Va. 506, 511, 521 S.E.2d 282, 284 (1999) (noting that the fact finder may reject an accused's explanation and infer that she is "lying to conceal [her] guilt"); Commonwealth v. Taylor, 256 Va. 514, 518, 506 S.E.2d 312, 314 (1998) ("The fact finder, who has the opportunity to see and hear the witnesses, has the sole responsibility to determine their credibility, the weight to be given their testimony, and the inferences to be drawn from proven facts.").

The evidence, viewed in the light most favorable to the Commonwealth, supports the factual finding that the appellant acted wantonly or willfully and in reckless or indifferent disregard of the safety of the other individuals at the hotel.[7] We hold that the evidence was sufficient to prove the criminal negligence necessary to sustain the appellant's conviction under Code § 18.2-279 for the unlawful discharge of a firearm in an occupied building.

## B. Jury Instruction

The appellant also argues the trial court erred in refusing to give the jury instruction that she requested regarding accidental discharge of the firearm. The Commonwealth responds that the proposed instruction would have improperly added the element of intent to the statute.

The appellant proffered the following instruction at trial:

> Where, as in the case at bar, the defense is that the discharge of the firearm was accidental, the defendant is not required to prove this fact, beyond a reasonable doubt or by a preponderance of the evidence, but the burden is upon the Commonwealth to prove beyond a reasonable doubt that said firearm discharge was not accidental; therefore, if after hearing all

---

[7] The appellant's own evidence supports that finding. She testified that she had her finger on the trigger when she decided not to kill herself and that the gun discharged as she was putting it down. The evidence does not suggest that the gun malfunctioned. The appellant "knew or should have known" that having her finger on the trigger with the trigger partially depressed could cause the gun to fire and that such discharge would present a risk to the people near her. Fleming, 13 Va. App. at 354, 412 S.E.2d at 183.

- 10 -

of the evidence, you have a reasonable doubt whether said firearm discharge was accidental or that it was intentional, then you shall find the defendant not guilty.

The trial court refused to give the instruction, stating it was "unnecessarily confusing" and not supported by the law.

Consistent with the express wording of the statute, the jury was instructed that in order to find the appellant guilty, it must find that the Commonwealth proved the following two elements: "(1) [t]hat the [appellant] discharged a firearm within a building occupied by one or more persons; and (2) [t]hat the firearm was discharged in such a manner as to endanger the life or lives of such person or persons." The trial court also instructed the members of the jury that they could "infer[] that a person of sound mind intends the natural and probable consequences of his voluntary acts."

During deliberations, the jury asked two questions: "[What] [i]f the gun was accidentally discharged?" and "Does the defendant have to have intent to fire the weapon?" The trial court responded, over the appellant's objection, that the jury had to rely on the instructions that it already had received.

Whether a trial court erred in denying or granting a jury instruction is reviewed on appeal for an abuse of discretion. See Gaines v. Commonwealth, 39 Va. App. 562, 568, 574 S.E.2d 775, 778 (2003) (*en banc*). However, whether a proffered jury instruction accurately states the law is reviewed *de novo*. Sarafin v. Commonwealth, 288 Va. 320, 326, 764 S.E.2d 71, 74 (2014).

A litigant is entitled to jury instructions supporting her theory of the case if more than a scintilla of evidence supports that theory. Commonwealth v. Sands, 262 Va. 724, 729, 553 S.E.2d 733, 736 (2001). However, "[n]o instruction should be given that 'incorrectly states the applicable law or which would be confusing or misleading to the jury.'" Mouberry v.

- 11 -

Commonwealth, 39 Va. App. 576, 582, 575 S.E.2d 567, 569 (2003) (quoting Bruce v.

Commonwealth, 9 Va. App. 298, 300, 387 S.E.2d 279, 280 (1990)).  In addition, we do not

consider questions posed by the jury to the trial court during deliberations as "some tacit finding

of fact."  Dominguez v. Pruett, 287 Va. 434, 442, 756 S.E.2d 911, 915 (2014).

The appellant relies on King v. Commonwealth, 64 Va. App. 580, 770 S.E.2d 214 (2015)

(*en banc*), for the proposition that she was entitled to her requested instruction.  In that case, this

Court held that it was error for the trial court to refuse to instruct the jury on accident.  Id. at 592,

770 S.E.2d at 220.  King involved a conviction for malicious wounding, an offense which

requires the specific "intent to maim, disfigure, disable, or kill."  Code § 18.2-51.  Consequently,

in that case, the "defense of 'accident' . . . would have legally entitled [the defendant] to acquittal

under the circumstances if believed by the jury."  King, 64 Va. App. at 591, 770 S.E.2d at 220.

Here, the appellant's proffered jury instruction rested on the premise that Code § 18.2-279

likewise does not encompass an accidental discharge of a firearm.

In contrast to malicious wounding, the relevant offense in King, the appellant's

conviction for unlawful discharge of a firearm under Code § 18.2-279 required that the

Commonwealth prove, at a minimum, criminal negligence.  The occurrence of an accident does

not preclude a finding of criminal negligence.  See, e.g., Cable v. Commonwealth, 243 Va. 236,

240, 415 S.E.2d 218, 220 (1992) (defining "involuntary manslaughter," in part, as an accidental

killing of a person" (quoting Beck v. Commonwealth, 216 Va. 1, 4, 216 S.E.2d 8, 9-10 (1975)));

Wright v. Commonwealth, 39 Va. App. 698, 704-05, 576 S.E.2d 242, 245 (2003) (holding that

the circumstances of the car accident were sufficient to find that the driver acted with criminal

negligence).  Criminal negligence and accidents are not mutually exclusive.  The appellant's

requested instruction that the jury could not find her guilty if she fired the gun by accident would

have misstated the applicable law.  Therefore, the trial court did not err by refusing the appellant's proffered instruction.

### III.  CONCLUSION

Under Code § 18.2-279, the unlawful discharge of a firearm within an occupied building requires that the Commonwealth prove that the defendant acted with criminal negligence. Viewing the evidence in the light most favorable to the Commonwealth, the evidence was sufficient for the jury to conclude that the appellant acted with that level of negligence by firing the gun in reckless disregard of the safety of hotel staff, other guests, and the officers who were present.  Further, the trial court did not err by refusing to instruct the jury that it should not convict her if it found that the discharging of the firearm was an accident, because such an instruction would not have been an accurate statement of the law.  For these reasons, we affirm the conviction.

<u>Affirmed.</u>