COURT OF APPEALS OF VIRGINIA

Present:  Judges McCullough, Huff and Senior Judge Haley
Argued at Chesapeake, Virginia

UNPUBLISHED

DAX JUAQUIN MANESS

v.        Record No. 1201-13-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE STEPHEN R. McCULLOUGH
MAY 20, 2014

FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
David F. Pugh, Judge

Kevin R. Pettrey (Swango Law, P.C., on brief), for appellant.

Craig W. Stallard, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Dax Juaquin Maness was convicted of indecent exposure in violation of Code § 18.2-387.

He argues that the evidence is insufficient because it fails to establish that his behavior was

obscene as that term is defined in Virginia law.[1]  We disagree and affirm the decision of the trial

court.

BACKGROUND

Newport News Police Officer Russolo was dispatched on a late Sunday afternoon to

investigate a report of indecent exposure.  He promptly located appellant at 5:31 p.m.  Appellant

appeared to be riding a bicycle in the nude.  Appellant was cycling on Warwick Drive, one of the

main thoroughfares in the City of Newport News.  He was plainly visible to pedestrians,

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Although Mr. Maness's brief contains three assignments of error, each turns on the
sufficiency of the evidence with regard to a prurient interest in sex on his part.

including children, as well as persons driving past him in their vehicles. It was daylight at the time.

After appellant dismounted, Officer Russolo could see that appellant was actually wearing a thong undergarment. On the front, his pubic hair was exposed. A thin strip of material covered his scrotum and his penis. On the reverse, a thin strip of material was completely absorbed in his buttocks, giving his buttocks the appearance of complete nudity. Officer Russolo took two photographs of appellant which were admitted into evidence and published to the jury.

When Officer Russolo asked appellant what he was doing, he responded that it was a nice day for a bike ride. Appellant stated that he thought his attire was appropriate. At trial, appellant testified that he had conducted legal research with respect to whether his conduct constituted indecent exposure and he concluded that it did not. He denied he was seeking or receiving sexual gratification by his conduct.

ANALYSIS

On appeal, a reviewing court does not "'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Jackson v. Virginia, 443 U.S. 307, 318-19 (1979) (emphasis in original, citation omitted). Instead, we ask only "'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008) (quoting Jackson, 443 U.S. at 319) (emphasis in original). An appellate court is "not permitted to reweigh the evidence," Nusbaum v. Berlin, 273 Va. 385, 408, 641 S.E.2d 494, 507 (2007), because appellate judges have no authority "to preside *de novo* over a second trial," Haskins v. Commonwealth, 44 Va. App. 1, 11, 602 S.E.2d 402, 407 (2004). Furthermore, we draw all reasonable inferences in

favor of the prevailing party.  See, e.g., Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997).

Furthermore, "we 'must make an independent determination of the constitutional issue of obscenity, which is a mixed question of law and fact.'" Lofgren v. Commonwealth, 55 Va. App. 116, 119-20, 684 S.E.2d 223, 225 (2009) (quoting Allman v. Commonwealth, 43 Va. App. 104, 110, 596 S.E.2d 531, 534 (2004)).

As relevant here, Code § 18.2-387 provides that

> Every person who intentionally makes an obscene display or exposure of his person, or the private parts thereof, in any public place, or in any place where others are present, or procures another to so expose himself, shall be guilty of a Class 1 misdemeanor.

The applicable definition for the term "obscene" is

> that which, considered as a whole, has as its dominant theme or purpose an appeal to the prurient interest in sex, that is, a shameful or morbid interest in nudity, sexual conduct, sexual excitement, excretory functions or products thereof or sadomasochistic abuse, and which goes substantially beyond the customary limits of candor in description or representation of such matters and which, taken as a whole, does not have serious literary, artistic, political or scientific value.

Code § 18.2-372.

Appellant contends that his exhibition was not "obscene" because he did not admit to possessing the requisite intent, he was neither visibly aroused nor engaged in masturbation, and, further, the totality of the circumstances does not show that his display was obscene.

The express terms of the statute specify, using the words "that is," what conduct constitutes "a prurient interest in sex."  In other words, if the defendant exhibits *one or more of the following* (1) "a shameful or morbid interest in nudity," (2) "sexual conduct," (3) "sexual excitement," (4) excretory functions or products thereof; or (5) sadomasochistic abuse, *and* the behavior exhibited "goes substantially beyond customary limits of candor in description or

- 3 -

representation of such matters," *then* the defendant's conduct manifests "as its dominant theme or purpose an appeal to the prurient interest in sex" and is obscene.[2]  As applied to the straightforward facts here, appellant's conduct cannot be said to exhibit "sexual conduct, sexual excitement, excretory functions or products thereof or sadomasochistic abuse."  The case thus turns on whether his conduct exhibited "a shameful or morbid interest in nudity."  If it did, then his conviction should be affirmed.

The facts before us evince "a shameful or morbid interest in nudity."  Specifically, appellant flaunted his almost completely nude body before an unsuspecting public in a very open public place.  The extremely thin strip of cloth on the backside of his thong was unnoticeable, appellant's buttocks were left completely uncovered, his pubic hair was exposed, and only the thinnest of cloth strips barely covered his penis and scrotum.  The sum total of this exhibition gave to bystanders the appearance of full nudity.  His buttocks actually were nude based on the manner he exhibited them.  The "private parts" listed in Code § 18.2-387 can include the buttocks.  Hart v. Commonwealth, 18 Va. App. 77, 79, 441 S.E.2d 706, 707 (1994).  Moreover, appellant's conduct occurred in daylight on one of the busiest streets of the City, exposing motorists and pedestrians, including children, to his exhibitionist behavior.[3]  In the plain words of the statute, a "prurient interest in sex" can be manifested in several ways, and one of the ways specifically listed is "a shameful or morbid interest in nudity."  Code § 18.2-372.  Finally, we have no difficulty concluding that appellant's display of himself went "substantially beyond customary limits of candor in description or representation of such matters."  Id.

---

[2] The safeguard for works possessing "literary, artistic, political or scientific value" is not implicated by the facts of this case.

[3] We reject appellant's contention, made at oral argument, that nudity means *full* nudity.  The plain language of the statute does not require full nudity, it requires "a shameful or morbid interest in nudity."  To illustrate, a "flasher" who exposes his genitalia to passersby while wearing a trench coat and a hat, for example, would not escape conviction for indecent exposure.

We hasten to add that not all public displays of nudity evince an interest in nudity that is "shameful or morbid" and neither do such displays necessarily violate customary limits of candor in description or representation of such matters. Cf. Price v. Commonwealth, 214 Va. 490, 493, 201 S.E.2d 798, 800 (1974) ("a portrayal of nudity is not, as a matter of law, a sufficient basis for a finding that a work is obscene"). The obscenity standard requires a contextual assessment of exposure of a nude or partially nude body. See Code § 18.2-372 (the exposure must "go[] substantially beyond the customary limits of candor in description or representation of such matters"). A model who poses fully nude in an art studio, for example, so that art students might learn to accurately depict the human body, would not run afoul of the statute. We simply conclude that on these facts, appellant's conduct satisfied the statutory definition of obscenity.

CONCLUSION

We affirm the decision of the trial court.

Affirmed.