Present:  Hassell, C.J., Koontz, Kinser, Lemons, Agee, and
Goodwyn, JJ., and Lacy, S.J.

DOGWOOD VALLEY CITIZENS ASSOCIATION, INC.

v.  Record No. 070143         OPINION BY SENIOR JUSTICE
                                    ELIZABETH B. LACY
                                     January 11, 2008

RAYMOND JAMES SHIFFLETT, JR.,
ET AL.

              FROM THE CIRCUIT COURT OF GREENE COUNTY
                      Daniel R. Bouton, Judge


     In this appeal, we consider whether the circuit court

erred in determining that Dogwood Valley Citizens Association,

Inc. (DVCA), a non-stock Virginia corporation, did not qualify

as a property owners' association under the Property Owners'

Association Act, Code §§ 55-508 through -516.2 (the POAA).

Because we conclude that the filing of DVCA's Articles of

Incorporation and Bylaws did not constitute a declaration

imposing on DVCA operational or maintenance responsibilities

for the common areas or roads of the development, we will

affirm the judgment of the circuit court.

                          BACKGROUND

     We were first asked to determine whether DVCA was a

property owners' association under the POAA in Dogwood Valley

Citizens Ass'n, Inc. v. Winkleman, 267 Va. 7, 590 S.E.2d 358

(2004).  Qualification as a property owners' association under

the POAA requires that a declaration recorded in the land

records where the development is located impose on an association both the power to assess fees for road and common facilities maintenance and the duty to perform such maintenance. Anderson v. Lake Arrowhead Civic Association, 253 Va. 264, 271-72, 483 S.E.2d 209, 213 (1997). In Winkleman we held that, although the restrictive covenants contained in deeds of dedication filed in the land records affecting the Dogwood Valley development conferred upon the developers and their assignees the power to assess an annual fee for the upkeep of the roads and common facilities, those covenants did not require DVCA to maintain the roads or common area of the development. 267 Va. at 13-14, 590 S.E.2d at 361. Specifically we said the DVCA "has failed to identify any document, recorded among the lands records . . . that expressly requires DVCA to maintain the common areas or the roads." Id. Accordingly, we concluded that because such a power and duty were not contained in a recorded declaration, DVCA was not a property owners' association as defined by the POAA and did not have the authority to enforce special assessments on landowners in the Dogwood Valley development. Id. at 14-15, 590 S.E.2d at 361-62.

Following our decision in Winkleman, DVCA's president filed in the land records an affidavit and a copy of DVCA's Articles of Incorporation and Bylaws. The Bylaws contained a

2

provision stating, "It shall be the duty of the Board of Directors to: . . . cause the roads and common facilities to be maintained according to the extent that the funds collected permit."  DVCA then levied special assessments against its members under Code § 55-514.[1]  When some of the landowners refused to pay these assessments, DVCA filed warrants in debt, claiming that the landowners were indebted to DVCA for the special assessments.  The General District Court for Greene County denied DVCA's claims.  On appeal, the Greene County Circuit Court held that filing the Articles of Incorporation and ByLaws did not qualify DVCA as a property owners' association under the POAA, and therefore, DVCA did not have the right to levy special assessments, charge interest, charge penalties, collect attorney's or docketing fees, "or any other charge other than the regular assessments set forth in the Deeds of Dedication."  DVCA timely appealed to this Court.

---

[1] Code § 55-514 states in relevant part:
> In addition to all other assessments which are authorized in the declaration, the board of directors of an association shall have the power to levy a special assessment against its members if the purpose in so doing is found by the board to be in the best interests of the association and the proceeds of the assessment are used primarily for the maintenance and upkeep of the common area and such other areas of association responsibility expressly provided for in the declaration, including capital expenditures.

3

DISCUSSION

The POAA defines a property owners' association as "an incorporated or unincorporated entity upon which responsibilities are imposed and to which authority is granted in the declaration." Code § 55-509. "Declaration" is defined in the POAA as

> any instrument, however denominated, recorded among the land records of the county or city in which the development or any part thereof is located, that either (i) imposes on the association maintenance or operational responsibilities for the common area or (ii) creates the authority in the association to impose on lots . . . any mandatory payment of money in connection with the provision of maintenance and/or services for the benefit of . . . the common area.

Code § 55-509.

DVCA argues that the defect which prevented it from qualifying as a property owners' association under the POAA in Winkleman was the failure to have a document on file in the land records that imposed on it the responsibility of maintaining the roads or common areas. This defect was cured, according to DVCA, by filing the Articles of Incorporation and Bylaws in the land records because those documents provided the requisite duty to maintain the roads and common areas of the development. Because those documents met the POAA's

4

definition of "declaration," DVCA contends it now qualifies as a property owners' association under the POAA.[2]

We reject DVCA's argument that the plain language of the definition of "declaration" includes instruments such as articles of incorporation and bylaws if such documents are filed in the appropriate land records and create either certain assessment authority or maintenance duties for the property owners' association. Such a literal application of the phrase "any instrument" in the definition of "declaration" is inconsistent with the concept of "declaration" used in other provisions of the POAA.

The POAA applies to "developments subject to a declaration." Code § 55-508(A). A "[d]evelopment" is defined by the POAA as

> real property . . . subject to a declaration which
> contains both lots . . . and common areas with
> respect to which any person, by virtue of ownership
> of a lot . . . is obligated to pay assessments
> provided for in a declaration.

Code § 55-509. These two definitions along with the definition of "declaration" reflect the intent of the General Assembly to apply the POAA to real property subject to certain

---

[2] Although DVCA asserted at trial that the Bylaws were a "supplement" to the declarations, it stated in oral argument before this Court that the Bylaws are not an amendment of or supplement to the declaration but rather constitute a separate and complete declaration under the definition of "declaration" in the POAA.

5

benefits and burdens that are part of the bundle of property rights conveyed with the transfer of ownership of the property.  Such benefits and burdens are generally described as restrictive covenants that run with the land.  See Sonoma Development, Inc. v. Miller, 258 Va. 163, 167 n.2, 515 S.E.2d 577, 579 n.2 (1999); Burton v. Chesapeake Box and Lumber Corp., 190 Va. 755, 764, 57 S.E.2d 904, 908 (1950); Willard v. Worsham, 76 Va. 392, 396 (1882).  The POAA denotes the instrument imposing these restrictions as a "declaration."  Articles of incorporation and bylaws are not instruments that apply to real property and are not instruments that subject real property to certain burdens and benefits that pass as part of the property rights in the conveyance of the property.  Thus, DVCA's Articles of Incorporation and Bylaws could not be a "declaration" for purposes of the definition of "development."

Other provisions of the POAA treat declarations as instruments separate and distinct from articles of incorporation and bylaws.  Code § 55-512(A)(12) requires that the disclosure packet given to a buyer of a lot in the subdivision include "[a] copy of the current declaration, the association's articles of incorporation and bylaws, and any rules and regulations or architectural guidelines adopted by the association."  Code § 55-515.1 explains how to obtain the

6

consent of a mortgagee "[i]n the event that any provision in the declaration requires the written consent of a mortgagee in order to amend the bylaws or the declaration." (Emphasis added.) These sections reinforce the conclusion that the General Assembly did not consider articles of incorporation and bylaws as synonymous with declarations. Indeed, in this case, the Bylaws themselves refer to declarations as documents separate from the Bylaws.

DVCA's interpretation of "declaration" would allow a property owners' association to acquire the right to issue special assessments under the POAA merely by filing in the appropriate land records a document, regardless of its nature, stating that the association has the authority to assess property owners for maintenance of common areas and the responsibility to maintain those areas. Such a change in existing duties and responsibilities of an association and its members could occur without any notice to or concurrence by the property owners. Yet the POAA considers a declaration a document that can be changed only if the lot owners have notice and agree to the change, see Code § 55-515.1, a condition consistent with the method of altering restrictive covenants applicable to real property. See Hening v. Maynard, 227 Va. 113, 117, 313 S.E.2d 379, 382 (1984).

Furthermore, the POAA allows unilateral action in only limited circumstances. Code § 55-515.2 allows unilateral changes to a declaration in very limited circumstances such as correction of a scrivener's error, a mathematical mistake, or an inconsistency. A unilateral change cannot alter the duties of the declarant, and if made by the association, must have a two-thirds vote of the board of directors. Code § 55-516.2 allows the president of the association to take certain unilateral actions in connection with condemnation proceedings. However, nothing in the POAA supports the proposition that the unilateral filing of a document without notice and concurrence of the lot owners can impose upon real property and subject owners of that property to conditions not included in a deed of dedication or by a properly adopted amendment to such deed.

Finally, we have said that the responsibility for maintenance of common areas and roads must be "imposed" on the association; voluntary assumption of this duty is insufficient. Lake Arrowhead, 253 Va. at 272, 483 S.E.2d at 213-14. A duty "imposed" on an organization for purposes of qualifying as a property owners' association under the POAA is one that cannot be altered or eliminated simply by amending the associations' bylaws. While DVCA's Bylaws recite that the board of directors has such a duty, the assumption of this

8

duty was voluntary and not required by the declarations in the deeds of dedication of the development.

In this case the declarations applicable to the Dogwood Valley development did not impose on DVCA the duty to maintain the roads and common areas. Winkleman, 267 Va. at 13-14, 590 S.E.2d at 361. For the reasons stated, we hold that DVCA's Articles of Incorporation and Bylaws, although filed in the land records, are not a declaration as defined by the POAA. Accordingly, DVCA does not qualify as a property owners' association for purposes of the POAA and we will affirm the judgment of the trial court.

Affirmed.