Present: Kinser, C.J, Lemons, Goodwyn, and Millette, JJ., and Koontz, S.J.

LINZIE ZINONE
                                        OPINION BY
v.  Record No. 101085    SENIOR JUSTICE LAWRENCE L. KOONTZ, JR.
                                     September 16, 2011
LEE'S CROSSING HOMEOWNERS
 ASSOCIATION, ET AL.

              FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
                        Thomas B. Horne, Judge

     In this appeal, we consider whether certain provisions of

the Virginia Property Owners' Association Act ("POAA"), Code

§§ 55-508 through -516.2, restrict the declarant of a recorded

declaration creating a property owners' association from

unilaterally amending that declaration under its express term

providing for such authority.  The issue, which presents a

purely legal question of statutory construction, was decided in

the circuit court upon cross motions for partial summary

judgment based on the pleadings.  Accordingly, we will review

the judgment under a de novo standard.  Addison v. Jurgelsky,

281 Va. 205, 208, 704 S.E.2d 402, 404 (2011); Conger v. Barrett,

280 Va. 627, 630, 702 S.E.2d 117, 118 (2010).

                            BACKGROUND

     The material facts are not in dispute.  Lee's Crossing is a

residential subdivision in Loudoun County created in 1999 and is

subject to a Declaration of Protective Covenants ("the

Declaration") recorded in the County's land records by the

Merritt Family Limited Partnership I, the developer of the subdivision, and Jack H. Merritt, Jr., the general partner (collectively, "Merritt"). The Declaration created Lee's Crossing Homeowners Association ("the Association") for the Lee's Crossing subdivision subject to the provisions of the POAA. Linzie Zinone owns property within the Lee's Crossing subdivision and, thus, is a member of the Association.

As relevant to this appeal, section 17(i) of the Declaration provided:[1]

> Amendments. These Covenants may be modified or amended upon an affirmative vote of two-thirds of the membership of the Association. Declarant reserves the right to unilaterally amend this Declaration anytime within two years of the recordation of this Declaration.

Pursuant to this provision of the Declaration, Merritt made numerous unilateral amendments to the Declaration between 1999 and 2004, including several which extended the period of time during which unilateral amendments by the declarant would be permitted.

In an amended complaint filed April 24, 2009 in the Circuit Court of Loudoun County, Zinone sought declaratory and injunctive relief and an award of monetary damages against the

---

[1] The comparable provision appearing in the most recent version of the Declaration (the Corrected Third Amended and Restated Declaration of Protective Covenants, dated October 14, 2004) is set out in section 17(h).

2

Association and Merritt.  Zinone alleged that the Association had "perpetrated" the "misuse of power and other ineffective and unlawful activities" by permitting Merritt to exercise authority under the Declaration to unilaterally amend its provisions to the detriment of the individual property owners within Lee's Crossing.  Zinone contended that Merritt had made multiple, unilateral amendments to the Declaration that, among other things, impacted architectural controls on the individual property owners and the assessment of regular fees and fines collected by the Association, including fines imposed on Zinone for alleged violations of the Declaration as amended by Merritt.

Zinone did not expressly reference the application of the POAA in her amended complaint.  However, in a supplemental bill of particulars, she asserted that the unilateral amendment provision of section 17(i) of the Declaration was in conflict with Code § 55-515.1(D), which she asserted required that any amendment to a declaration be approved by a two-thirds vote of the property owners.  Moreover, she maintained that the POAA provided that a unilateral amendment of a declaration by a declarant was allowed only under the limited circumstances provided for in Code § 55-515.2(F), which she maintained did not apply to any of the amendments made by Merritt.  Ultimately, it was the application of these two provisions of the POAA which

3

became the focus of the parties and the circuit court in the resolution of the parties' dispute.

Merritt and the Association filed motions for partial summary judgment, asserting identical arguments that Code §§ 55-515.1(D), -515.1(F), and -515.2(F) did not bar a declarant from providing in a declaration the power to unilaterally amend the declaration. Rather, they contended that these provisions of the POAA merely provided ancillary and supplemental rights allowing for amendment of a declaration in the absence of an express, less restrictive manner of amendment within the declaration.[2]

Zinone also filed a motion for partial summary judgment in which she contended that Code § 55-515.1(D) was a mandatory limitation on the power of a declarant or a property owners' association to amend a declaration except by a two-thirds vote of the membership. Zinone further contended that Dogwood Valley Citizens Association, Inc. v. Shifflett, 275 Va. 197, 203-04, 654 S.E.2d 894, 897 (2008), supported her interpretation of Code § 55-515.1(D), asserting that the case stood for the proposition

---

[2] The Association further contended that Zinone's action was time-barred under Code § 55-515.1(E). The circuit court had previously overruled Merritt's and the Association's pleas in bar asserting the application of Code § 55-515.1(E) and did not expressly rule on this aspect of the Association's motion for summary judgment. Although both the Association and Merritt have reasserted the issue of whether the action was time-barred in this appeal, the issue is waived.

that the only exception to the two-thirds vote requirement allowing for unilateral amendment of a declaration was under the "limited circumstances" set out in Code § 55-515.2(F).

The circuit court conducted a hearing on the cross-motions for partial summary judgment on March 9, 2010. At the conclusion of the hearing, after receiving argument in accord with the parties' positions as stated in their motions and supporting memoranda, the court entered an order sustaining Merritt's and the Association's motions with respect to their interpretation of Code § 55-515.1(D), and overruling Zinone's motion. Thereafter, Zinone took a nonsuit to the remaining personal claims against Mr. Merritt. This appeal followed.

DISCUSSION

Zinone has made five assignments of error to the judgment of the circuit court. However, the substance of her argument, essentially identical to that made in the circuit court, is that the provision for unilateral amendment of the Declaration contained in section 17(i) is inconsistent with Code §§ 55-515.1(D) and -515.2(F), and that the plain language of the POAA and our decision in Dogwood Valley Citizens Ass'n establish that a declaration can only be amended as provided for in the POAA.

Code § 55-515.1(D) was added to the POAA effective July 1, 1999,[3] and provides that:

> [a] declaration may be amended by a two-thirds vote of the owners. This subsection may be applied to an association subject to a declaration recorded prior to July 1, 1999, if the declaration is silent on how it may be amended or upon the amendment of that declaration in accordance with its requirements.

Code § 55-515.2(F), as effective July 1, 1998,[4] provides in relevant part:

> The declarant may unilaterally execute and record a corrective amendment or supplement to the declaration to correct a mathematical mistake, an inconsistency or a scrivener's error, or clarify an ambiguity in the declaration with respect to an objectively verifiable fact (including without limitation recalculating the liability for assessments or the number of votes in the association appertaining to a lot) . . . .

Zinone notes that the Declaration at issue in this case was recorded just prior to July 1, 1999. She contends that a proper reading of Code § 55-515.1(D) shows that the legislature intended for the two-thirds vote requirement to be applicable to all property owners' associations subject to the POAA as a mandatory constraint on the ability to amend a declaration. According to Zinone, this is so because the 1999 amendment to Code § 55-515.1(D) applies to declarations existing at the time of its adoption that are "silent on how [they] may be amended or

---

[3] See 1999 Acts ch. 805.

6

upon the amendment of [the] declaration in accordance with [Code § 55-515.1(D)'s] requirements." Accordingly, she contends that while the first sentence of section 17(i) of the Declaration is in accord with the POAA, the second sentence, providing for an unlimited power of unilateral amendment by the declarant, is not.

Zinone further contends that her interpretation of Code § 55-515.1(D) is supported by Code § 55-515.2(F) and our discussion of its application in Dogwood Valley Citizens Ass'n. She maintains that Code § 55-515.2(F), which predates Code § 55-515.1(D), evinces a legislative intent to limit the ability of a declarant to unilaterally amend a declaration to the circumstances specified in that subsection. Zinone finds support for this contention in our statement in Dogwood Valley Citizens Ass'n that "the POAA allows unilateral action in only limited circumstances." 275 Va. at 204, 654 S.E.2d at 897.

Merritt and the Association, along with Home Builders Association of Virginia, an amicus curiae appearing in support of their position, contend that Zinone is misreading Code §§ 55-515.1(D) and -515.2(F) as providing mandatory limitations on the power to amend a declaration creating a property owners' association. Rather, they maintain that the circuit court

---

[4] Code § 55-515.2(F) was the subject of a corrective amendment in 2001, and the text given here reflects that

7

correctly interpreted these statutes as providing ancillary or supplemental means for amending such a declaration.  They assert that nothing in the POAA prohibits a declarant from making express provisions in a declaration for a different manner of amending the declaration.  We agree.

To determine the legislative intent underpinning the POAA's provisions concerning the manner for amending a declaration, it is instructive to look at the closely-related provisions of the Condominium Act, Code §§ 55-79.39 through -79.103, which provide for the amendment of a condominium instrument.  Code § 55-79.71(B) provides in relevant part:

> the condominium instruments <u>shall</u> be amended only by agreement of unit owners of units to which two-thirds of the votes in the unit owners' association appertain, or such larger majority as the condominium instruments may specify, except in cases for which this chapter provides different methods of amendment.

(Emphasis added.)

Compare this language with the provision of Code § 55-515.1(D) that "[a] declaration <u>may</u> be amended by a two-thirds vote of the owners."  (Emphasis added.)  It is clear that in Code § 55-79.71(B) the legislature chose to use the mandatory and directive term "shall," while in Code § 55-515.1(D) it used the permissive term "may."  Moreover, Code § 55-515.1(D) does not contain any language equivalent to the further provision

correction.  2001 Acts ch. 271.

8

found in Code § 55-79.71(B) that permits a condominium instrument to include a <u>more</u> restrictive limitation on the power to amend by only a greater majority of the unit owners.  Nor did the legislature make any provision in Code § 55-515.1(D), as it did in Code § 55-79.71(B), for "different methods of amendment" to be provided for elsewhere in the chapter.

"We look to the plain meaning of the statutory language, and presume that the legislature chose, with care, the words it used when it enacted the relevant statute."  <u>Addison</u>, 281 Va. at 208, 704 S.E.2d at 404 (citation and internal quotation marks omitted).  Moreover, when the General Assembly has used specific language in one instance, but omits that language or uses different language when addressing a similar subject elsewhere in the Code, we must presume that the difference in the choice of language was intentional.  <u>See</u>, <u>e.g.</u>, <u>Hollingsworth v. Norfolk Southern Railway</u>, 279 Va. 360, 366-67 & n.2, 689 S.E.2d 651, 654-55 & n.2 (2010); <u>Halifax Corp. v. First Union National Bank</u>, 262 Va. 91, 100, 546 S.E.2d 696, 702 (2001).

Both the POAA and the Condominium Act were enacted to establish the duties of developers and to protect the rights of owners of residential property in subdivisions and condominiums respectively.  However, it is self-evident that the differences between a subdivision consisting of individual family dwellings and a condominium consisting of individual ownership of living

units in a multi-unit structure, required the legislature to treat the two entities differently, placing greater restrictions on the governance of the latter, and giving more flexibility to the governance of the former. Comparing these two statutory schemes, we conclude that the plain language of the provisions of the POAA concerning the ability to amend a declaration are neither mandatory nor exclusive and, thus, can be controlled by the express provisions of a particular declaration. In this case, the Declaration does exactly that, by providing that the covenants set forth in the Declaration can be amended by the Association "upon an affirmative vote of two-thirds of the membership [thereof]" or by the Declarant "unilaterally . . . anytime" within the time limit specified in the Declaration.

Finally, we do not agree with Zinone that our decision in Dogwood Valley Citizens Ass'n is in conflict with this interpretation of the POAA. The issue in Dogwood Valley Citizens Ass'n was whether the instrument in question was a valid declaration creating a property owners' association in accord with the POAA. 275 Va. at 200, 654 S.E.2d at 895. Within that context, the statement that the "POAA allows unilateral action in only limited circumstances" merely demonstrated the point that the instrument was not a valid declaration because "nothing in the POAA supports the proposition that the unilateral filing of a document without

10

notice and concurrence of the lot owners can impose upon real property and subject owners of that property to conditions not included in a deed of dedication or by a properly adopted amendment to such deed."  Id. at 204, 654 S.E.2d at 897.  The question whether the amendment provisions of the POAA were mandatory and exclusive was not at issue in Dogwood Valley Citizens Ass'n.

CONCLUSION

For these reasons, we hold that the circuit court did not err in concluding that section 17(i) of the Lee's Crossing Homeowners Association Declaration was not inconsistent with the provisions of the POAA.  Accordingly, the judgment of the circuit court will be affirmed.

Affirmed.