COURT OF APPEALS OF VIRGINIA

Present: Judges Huff, AtLee and Callins
Argued at Richmond, Virginia

**PUBLISHED**

FREDRICK HAMILTON COSBY, S/K/A
  FREDRICK H. COSBY, JR.

                                                        OPINION BY
v.       Record No. 1924-23-2                 JUDGE GLEN A. HUFF
                                                        JULY 30, 2024

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CUMBERLAND COUNTY
Donald C. Blessing, Judge

(Aaron M. Vandenbrook; Reinhardt, Vandenbrook P.L.L.C., on
brief), for appellant. Appellant submitting on brief.

Robert D. Bauer, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.

Following its 2023 finding that Fredrick Hamilton Cosby ("appellant") had committed a

third or subsequent technical violation of his probation, the Circuit Court of Cumberland County

(the "trial court") revoked and reimposed appellant's previously suspended 29-year sentence. The

trial court then resuspended 26 years, resulting in 3 years of active incarceration for appellant to

serve. In challenging that judgment, appellant asserts that the trial court imposed an illegal sentence

because it erred in determining that he had committed a third or subsequent, rather than merely a

second, technical violation of probation under Code § 19.2-306.1. That claim rests solely on

appellant's contention that a "technical violation" cannot be counted under Code

§ 19.2-306.1(C)'s graduated sentencing scheme if it is part of a "mixed revocation" involving

adjudications of guilt for both technical and non-technical violations. For the following reasons,

this Court rejects that interpretation and affirms the judgment below.

BACKGROUND[1]

Pursuant to a plea agreement, appellant was convicted on April 28, 1992, of forcible sodomy (Code § 18.2-67.1A(2)), statutory burglary (Code § 18.2-90), and malicious wounding (Code § 18.2-51). The trial court sentenced appellant to 20 years' incarceration for the forcible sodomy charge and 10 years each for the burglary and malicious wounding charges. The three sentences were set to run consecutively for a total of 40 years' incarceration, all of which was suspended upon the conditions that appellant "be of good behavior for a period of 40 years"; "be placed on [indefinite] supervised probation"; and "pay the costs of this prosecution."

Following a show cause hearing on July 14, 2004, the trial court found appellant in violation of the terms of his suspended sentences for incurring a new conviction in Prince Edward County. In accordance with the version of Code § 19.2-306 in effect at that time, the trial court revoked and re-sentenced appellant to a total of 38 years' incarceration with 36 years re-suspended and "with six (6) months of the sentence to run concurrently with [the] sentence he received in Prince Edward County[.]"[2] The trial court further imposed a 10-year period of good behavior and placed appellate on "indefinite probation" with the additional provision that he "continue in sex offender counseling."

On January 24, 2013, appellant's probation officer filed a major violation report ("MVR") alleging that appellant had violated the terms of his probation by incurring new convictions and pending charges (Condition 1) as well as by failing to attend a sex offender treatment program and complete a scheduled sexual polygraph examination (Condition 6). At

---

[1] "In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). "The evidence is considered in the light most favorable to the Commonwealth, as the prevailing party below." *Id.*

[2] The record indicates that the trial court re-suspended 18 years for the forcible sodomy sentence, and 10 years each for the statutory burglary and malicious wounding sentences.

the show cause hearing on April 23, 2013, appellant pleaded guilty to violating the terms of his probation and the Commonwealth entered the 2013 MVR into evidence.  When questioned by the Commonwealth, appellant admitted that he had committed traffic violations, incurred pending felony drug charges, and failed to complete both a sexual offender treatment program and a sexual polygraph examination.

The trial court found appellant in violation of the terms of his probation and sentenced him to 36 years' incarceration with 33 years re-resuspended.  It further ordered that "the same terms and conditions of the previous order shall remain in effect with the defendant remaining on active supervised probation until released by the Court."  Those "terms and conditions" included "sex offense treatment."

Appellant's probation officer filed another MVR on July 10, 2017 (the "2017 MVR"), alleging technical violations of Conditions 6 and 8 by testing positive for alcohol, cocaine, and marijuana.  Specifically, the 2017 MVR alleged that appellant had failed to (a) follow the probation officer's instruction (Condition 6) to not "purchase, possess, or consume alcohol[,]" and (b) refrain from the use of unlawful drugs (Condition 8).  Appellant pleaded guilty to those violation allegations at a hearing on December 5, 2017.  Pursuant to an agreement between the parties, the trial court found "that the facts are sufficient" but withheld a finding of guilt and continued the case for final adjudication.

The parties reconvened on April 24, 2018, at which point the trial court found appellant guilty of having "violated the terms and conditions of his previously suspended sentence" based on the facts previously presented and found sufficient at the December 5, 2017 hearing.  The

court then revoked and re-sentenced appellant to 33 years' incarceration with 30 years re-suspended "on the same terms and conditions except as modified herein[.]"[3]

Effective July 1, 2021, the General Assembly revised Code § 19.2-306—governing the revocation of suspended sentences and probation—to include reference to newly-enacted Code § 19.2-306.1, which created a new set of sentencing restrictions for certain types of probation violations defined therein. On September 13, 2021, appellant's probation officer filed an MVR (the "2021 MVR") alleging violation of Conditions 6 and 13, the latter being noncompliance with GPS tracker requirements.[4] In an email sent to the trial court clerk on January 14, 2022, the Commonwealth requested issuance of a capias for appellant and noted that the 2021 MVR reflected a third or subsequent "technical" violation as that term is defined in Code § 19.2-306.1(A).

At the show cause hearing on February 28, 2022, appellant stipulated to the facts in the 2021 MVR and pleaded guilty to the alleged violations therein. As part of a joint agreement between the parties, appellant also pleaded guilty to a probation violation conviction he received in Prince Edward County, which occurred after the 2021 MVR had been filed. Pursuant to the parties' joint recommendation, the trial court found appellant in violation of his suspended sentences "based on a third or subsequent violation of technical conditions, also violation of special conditions, and . . . a probation violation in Prince Edward[.]" The court then revoked

---

[3] Of the three years' active incarceration imposed, two were set "to run concurrent[ly] with Prince Edward County Circuit Court case number CR97-490-03." The trial court also imposed five years' supervised probation and noted that "all other terms remain in full force and effect."

[4] Appellant's Condition 6 violation was based on his failure to comply with his probation officer's directives (a) to refrain from consuming alcohol and (b) comply with "Condition #5" of probation's "Sex Offender Special Instructions," which imposed certain restrictions on contact with family members who were minors.

and re-imposed 30 years' incarceration with 29 years suspended and ordered that appellant remain on supervised probation.[5]

On February 14, 2023, appellant's probation officer filed an MVR (the "2023 MVR") alleging a violation of appellant's sex offender special condition as well as two technical violations of Conditions 6 and 8 for failing to attend scheduled visits as instructed by the probation officer and testing positive for cocaine, respectively.[6] At the show cause hearing on July 11, 2023, the Commonwealth explained that, "due to parole board rulings[,]" appellant had agreed to plead guilty to the two alleged technical violations (Conditions 6 and 8) and that the "sex offender special condition violation" would not be considered.

The parties disagreed, however, over whether the violations of Conditions 6 and 8 constituted "a first technical, a second, or a subsequent beyond a second" for purposes of calculating a permissible sentence under Code § 19.2-306.1. Consequently, the trial court found that appellant had violated the terms of his probation but "separated out the [question of the] severity of the violation[.]" The court then heard argument from the parties on the "severity" issue, which is the subject of the instant appeal.

In sum, the Commonwealth asserted that "this is a third or subsequent technical violation" and referenced the transcript from the prior revocation hearing on February 28, 2022, in which both the parties and the court proceeded with the "joint revocation that calls for a conviction based on a third or subsequent technical violation, [and] also a special condition

---

[5] The trial court ordered that three months of the one-year active sentence would run concurrently with appellant's recent probation violations in Prince Edward County on "case numbers CR97-490-04, 492-04 and 493-04[.]"

[6] Appellant's probation officer also filed an addendum to the 2023 MVR on May 18, 2023, which advised the trial court that appellant "was found in violation of his Parole and his Parole was revoked. Due to violating technical conditions of Parole, [appellant]'s case will be reviewed with a progress report in six months if he is otherwise eligible for Parole."

violation."[7]  Appellant countered that the trial court was not bound by such statements because the meaning of a prior "technical" violation for purposes of Code § 19.2-306.1 had not been addressed at all during the February 2022 hearing.

Appellant further argued that the instant violation could not actually constitute a third or subsequent "technical" violation under Code § 19.2-306.1 because none of his prior violations were "a pure technical violation" based "only on technical conditions."  According to appellant, all of his prior violations included both "technical" and "nontechnical" violations.  He therefore argued that, because "the legislature clearly intended to cut probationers a break the first and second time they got a technical violation[,] . . . the idea is that we don't consider something to be a technical violation if a probationer is also found in violation of special [non-technical] conditions."  The Commonwealth contested both appellant's method of counting the number of "technical" violations he had accrued and appellant's assertion that his 2018 revocation was based on violations of both "technical" and "special" conditions.

Agreeing with the Commonwealth's arguments, the trial court determined that appellant's violation "was a third or subsequent technical offense."  At the subsequent sentencing hearing on August 9, 2023, the trial court revoked and reimposed 29 years' incarceration, resuspending "all of it except three years to serve[.]"  It further placed appellant "on an additional period of supervised probation for five years from release" and a period of "good behavior for ten years from today's date."  This appeal followed.

ANALYSIS

Appellant poses the following question to this Court: "If a probationer is found to have violated 'technical' conditions, as well as 'non-technical' conditions, such as new law violations,

_____

[7] The attorney who represented appellant at the July 11, 2023 hearing was not the same attorney who negotiated the joint agreement with the Commonwealth that was accepted at the February 28, 2022 hearing.

- 6 -

is that probation violation a 'technical violation' under Va. Code § 19.2-306.1?"[8]  Answering in the negative, appellant asserts the trial court erred in finding him guilty of a third or subsequent technical violation where the record established only one prior instance of his suspended sentences being revoked on the basis of technical violations only.[9]  The essence of appellant's argument is that a probationer can only accrue a technical violation for purposes of sentencing under Code § 19.2-306.1(C) if such violation was the *sole* basis for a revocation of his suspended sentence.  Under that rationale, any technical violations involved in a "mixed revocation"—a revocation of suspension based on both technical and non-technical violations—must be excluded from the trial court's sentencing calculation.  This Court disagrees.

"On an appeal of probation revocation, the trial court's 'finding[s] of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'"  *Heart v. Commonwealth*, 75 Va. App. 453, 460 (2022) (quoting *Green v. Commonwealth*, 75 Va. App. 69, 100 (2022)).  Issues of statutory interpretation, however, are "pure question[s] of law[,] which we review de novo."  *Id.* (quoting *Green*, 75 Va. App. at 100).  Subject to certain conditions not at issue here, Code § 19.2-306(A) provides that "the court may revoke the suspension of [a] sentence for any cause the court deems sufficient that occurred at any time

---

[8] "Whereas Code § 19.2-306(C) does not distinguish between types of violations, Code § 19.2-306.1 creates two tiers of probation violations: (1) technical violations, based on a probationer's failure to do one of ten enumerated actions [in subsection (A)], and (2) non-technical violations." *Heart v. Commonwealth*, 75 Va. App. 453, 466 (2022).  "Non-technical violations include 'convict[ion] of a criminal offense that was committed after the date of the suspension' and 'violat[ion of] another condition other than (i) a technical violation or (ii) a good conduct violation that did not result in a criminal conviction.'" *Thomas v. Commonwealth*, 77 Va. App. 613, 622 (2023) (quoting Code § 19.2-306.1(B)).

[9] Based on the claim that he has accrued only two technical violations to date, appellant also assigns error to the court's imposition of three years' active incarceration because such sentence "exceeds the maximum sentence for this violation prescribed by Va. Code § 19.2-306.1."  Because this Court finds that the trial court did not err in calculating the number of appellant's technical violations, appellant's challenge to the imposed sentence need not be further addressed.

within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A).

Effective July 1, 2021, "Code § 19.2-306(C) was 'amended and reenacted' to provide that 'if the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then the court may revoke the suspension and impose a sentence in accordance with the provisions of [newly enacted Code] § 19.2-306.1.'" *Heart*, 75 Va. App. at 460. As relevant here, subsection (C) of Code § 19.2-306.1 places restrictions on the trial court's sentencing options depending on the number of "technical violations" a defendant has accrued. Code § 19.2-306.1(C).[10] Specifically, upon finding a defendant guilty of a first technical violation, the trial court may not impose a sentence of active incarceration. *Id.* A second technical violation may be punished by imposing no more than 14 days' incarceration. *Id.* For a "third or subsequent technical violation[,]" "[t]he court may impose whatever sentence might have been originally imposed[,]" up to the entire remaining portion of the sentence that had been suspended. *Id.*; *see also* Code § 19.2-306.

This gradual increase in the severity of punishment a trial court may impose under Code § 19.2-306.1(C) is directly proportional to the number of technical violations the probationer has committed, subject to a couple of narrow statutory exceptions not applicable here.[11] *See Nottingham v. Commonwealth*, 77 Va. App. 60, 69 (2023) (holding that "a court's

_____

[10] Although "the term 'technical violation' did not exist in statute prior to the enactment of Code § 19.2-306.1 . . . the General Assembly's use of that [new] term . . . did *not* redefine or expand the scope of conduct constituting a probation violation." *Nottingham v. Commonwealth*, 77 Va. App. 60, 68 (2023). "Rather, the legislature merely determined which of the existing types of prohibited conduct should fall into the 'technical violation' category, for which subsection (C) now restricts a trial court's sentencing discretion." *Id.* at 68-69. Appellant does not challenge the classification of his violations, only how the trial court counted them for sentencing purposes.

[11] The first exception is found in subsection (A) of Code § 19.2-306.1, which mandates that "[m]ultiple technical violations arising from a single course of conduct or a single incident

sentencing options for technical violations are restricted by the number of separate times it has found that the probationer engaged in the violative conduct listed in subsection (A)" of Code § 19.2-306.1); *Heart*, 75 Va. App. at 460 (holding that "evidence of two prior technical violations [is required] before a defendant may be sentenced for a third technical violation" under Code § 19.2-306.1(C)).  Appellant nevertheless asserts that the intent of the legislature— "to treat technical violations less harshly than non-technical violations"—would be frustrated if trial courts were permitted to count technical violations from a prior "mixed revocation" against a probationer, thereby increasing the period of incarceration that may be imposed under Code § 19.2-306.1(C).[12]

Nothing in the statute itself, nor in this Court's previous opinions interpreting the statute, supports appellant's claim.  The Supreme Court even noted in *Commonwealth v. Browne*, 303 Va. 90, 94 n.2 (2024) (order), that "[t]he plain language of the statute does not support such an interpretation."  There is no requirement that the trial court disregard a previous technical violation for sentencing purposes because the defendant was also in violation for having committed a non-technical violation.  In fact, the plain language of the statute supports the

---

or considered at the same revocation hearing shall not be considered separate technical violations for the purposes of sentencing[.]"  The second exception relates to how certain technical violations are counted for purposes of sentencing in subsection (C).  *See* Code § 19.2-306.1(C) ("For the purposes of this subsection, a first technical violation based on clause (viii) or (x) of subsection A shall be considered a second technical violation, and any subsequent technical violation also based on [either of those same clauses] . . . shall be considered a third or subsequent technical violation.").

[12] Appellant does not contest the raw number of times his suspended sentences were revoked; rather, he argues only that none of the technical violations from his "mixed revocations"—in which the technical violations were not the sole basis for revocation—may be counted against him for purposes of sentencing under Code § 19.2-306.1(C).  By conceding that he violated the terms of his probation, thereby giving the trial court "an adequate basis to revoke his suspended sentences[,]" appellant's appeal challenges only "the punishment imposed as a consequence of the revocation[]" rather than the revocation itself.  *Commonwealth v. Browne*, 303 Va. 90, 93 (2024) (order).

opposite conclusion: that "an individual commits a technical violation under Code § 19.2-306.1 when he commits an act enumerated in subsection (A) of the statute—regardless of whether the violation is adjudicated simultaneously with a separate non-technical violation." *Id.*

To adopt the contrary approach that appellant champions would not only violate the canons of statutory construction but also undermine the legislative purpose of the graduated sentencing framework established in subsection Code § 19.2-306.1(C). When interpreting a statute, this Court's "'primary objective is "to ascertain and give effect to legislative intent," as expressed by the language used in the statute.'" *Haefele v. Commonwealth*, 75 Va. App. 591, 599 (2022) (quoting *Blake v. Commonwealth*, 288 Va. 375, 381 (2014)). In doing so, "[w]e must presume that the General Assembly chose, with care, the words that appear in a statute, and must apply the statute in a manner faithful to that choice." *Johnson v. Commonwealth*, 292 Va. 738, 742 (2016).

To begin, Code § 19.2-306.1(C) refers exclusively to "violations" rather than "revocations." *See Brown v. Commonwealth*, 284 Va. 538, 545 (2012) ("When the General Assembly uses two different terms, it is presumed the terms are to mean two different things."). This distinction demonstrates that the sentencing restrictions in subsection (C) are based only on the existence of prior "technical violations," not on whether a defendant's suspended sentence was revoked during a previous proceeding for other reasons in addition to the technical violations committed. Furthermore, the statute provides only one exception by which a technical violation may *not* be counted individually for sentencing purposes: when "[m]ultiple technical violations . . . [are] considered at the same revocation hearing[, they] shall not be considered separate technical violations for the purposes of sentencing pursuant to this section." Code § 19.2-306.1(A); *but see Canales v. Commonwealth*, 78 Va. App. 353, 365-66 (2023) (rejecting

appellant's argument "that the statutory scheme *required* the trial court to conduct one comprehensive revocation hearing for the multiple technical violations alleged in the MVR").

Had the legislature wanted to group *all* violations involved in a revocation proceeding together into a single classification for purposes of Code § 19.2-306.1(C), it could have easily done so by employing language similar to that used in subsection (A) for multiple technical violations adjudicated at the same hearing. *See Heart*, 75 Va. App. at 466 ("Our duty is 'to interpret the several parts of a statute as a consistent and harmonious whole so as to effectuate the legislative goal.'" (quoting *Eberhardt v. Fairfax Cnty. Emps.' Ret. Sys. Bd. of Trs.*, 283 Va. 190, 194-95 (2012))); *Wallace v. Commonwealth*, 79 Va. App. 455, 462 (2024) (en banc) ("[W]hen the General Assembly has used specific language in one instance, but omits that language or uses different language when addressing a similar subject elsewhere in the Code, we must presume that the difference in the choice of language was intentional." (quoting *Zinone v. Lee's Crossing Homeowners Ass'n*, 282 Va. 330, 337 (2011))). The decision not to do so, however, "shows 'that the General Assembly "knows how" to include such language in a statute to achieve an intended objective' and unambiguously expressed 'a contrary intention.'" *Wallace*, 79 Va. App. at 462 (quoting *Morgan v. Commonwealth*, 301 Va. 476, 482 (2022)). "[C]ourts cannot, by judicial interpretation, add language to a statute that the General Assembly did not include in its enactment." *Canales*, 78 Va. App. at 366 (alteration in original) (quoting *Henthorne v. Commonwealth*, 76 Va. App. 60, 67 (2022)).[13]

Applying the above analysis to the case at hand, this Court finds that the record establishes appellant committed at least two "technical violations" before pleading guilty to the most recent technical violation in 2023. Because it is immaterial whether a probationer also

---

[13] In *Canales*, 78 Va. App. at 366, this Court held that the defendant's technical violations arising from a single MVR counted as individual instances of "technical violations" under Code § 19.2-306.1(C) because they were adjudicated at separate revocation hearings.

incurred "non-technical" violations at the same prior proceeding as his "technical violations," this Court finds that the trial court did not err in determining that appellant's most recent violation constituted a "third or subsequent technical" violation under Code § 19.2-306.1(C).

At his 2013 revocation hearing, appellant pleaded guilty to the allegation that he had failed to comply with his probation officer's instruction to complete a sexual polygraph exam. Then, in 2017, appellant pleaded guilty to the allegation that he had violated the conditions of his probation by testing positive for alcohol, cocaine, and marijuana. Next, appellant pleaded guilty in 2022 to a combination of technical and non-technical violations pursuant to a joint agreement with the Commonwealth.[14]

Each of those previous violations are "technical" in nature, a fact that appellant does not dispute on appeal. *See*, *e.g.*, *Nottingham*, 77 Va. App. at 69-70 (reviewing the basis of each prior probation violation); *Delaune v. Commonwealth*, 76 Va. App. 372, 381 (determining what type of violation appellant had committed under Code § 19.2-306.1), *aff'd*, 302 Va. 644 (2023). Then, in 2023, appellant expressly pleaded guilty to a "technical violation" for testing positive for cocaine and failing to attend scheduled visits with his probation officer. The record thus affirmatively establishes that appellant's most recent plea to a "technical violation" constituted a "third or

---

[14] By adding the non-technical violation guilty plea to what would otherwise have been a revocation based solely on technical violations, appellant reaped the benefit of receiving only one sentence instead of being subjected to two separate revocation proceedings with two different sentences. In essence, appellant was able to resolve two separate MVRs for the price of a single revocation. To now insist on appeal that joinder of the non-technical violation nullifies any effect the technical violations would otherwise have had under Code § 19.2-306.1(C) strikes this Court as an overreach of the General Assembly's intent. Moreover, it demonstrates why adopting appellant's claims would frustrate the purpose of the statute's sentencing restrictions by allowing defendants to circumvent the intended consequences for incurring numerous technical violations at successive revocation hearings. *Cf. Canales*, 78 Va. App. at 366 ("Neither Code § 19.2-306 nor § 19.2-306.1 contains language limiting a circuit court to one revocation hearing per report of probation violations.").

subsequent technical violation" for which he was sentenced in accordance with the provisions of Code §§ 19.2-306 and -306.1(C).

## CONCLUSION

The basis of appellant's argument on appeal is that a trial court cannot consider a technical violation from a "mixed revocation" when calculating the number of prior technical violations a probationer has accrued for purposes of sentencing under Code § 19.2-306.1(C). Because that claim is not supported by the plain language of Code § 19.2-306.1, this Court holds that the trial court did not err in finding that appellant's most recent violation constituted a third or subsequent technical violation, for which a period of incarceration exceeding 14 days could be imposed. Accordingly, this Court affirms the trial court's judgment.

*Affirmed.*