COURT OF APPEALS OF VIRGINIA

Present:  Judges O'Brien, Ortiz and Friedman
Argued at Fredericksburg, Virginia


BRIAN MORRISON

MEMORANDUM OPINION[*] BY
v.       Record No. 1728-24-4       JUDGE MARY GRACE O'BRIEN
OCTOBER 7, 2025

GEORGE MASON UNIVERSITY, ET AL.


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
David Bernhard, Judge[1]

J. Caleb Jones (Simms Showers, LLP, on briefs), for appellant.

Alexander Francuzenko (Philip Corliss Krone; Thea A. Paolini;
Cook Craig & Francuzenko, PLLC, on brief), for appellees.


Brian Morrison filed a complaint against George Mason University ("GMU") and several

individuals[2] employed by GMU, alleging retaliation under the Fraud and Whistle Blower Protection

Act of Virginia ("FAWPA"), as well as wrongful and constructive discharge, fraud, defamation,

intentional infliction of emotional distress, and civil conspiracy.  He contends that when the circuit

court sustained the defendants' demurrers it erred in (1) finding that GMU was not a "person" and

thus not an "employer" subject to liability under FAWPA, (2) finding that the alleged retaliatory

actions had to occur in the scope of employment for a claim under FAWPA, and (3) interpreting

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

[1] The Honorable David Bernhard presided over the proceedings below.  Now a member of this Court, Judge Bernhard took no part in this decision.

[2] The individual defendants were Carl Rowan, Emily Ross, Thuan Ly, Andrew Sanavaitis, and Carol Kissal.

FAWPA to require that "individual retaliatory acts" are "alleged to correspond to individualized disclosures."

BACKGROUND

"In reviewing a trial court's decision sustaining a demurrer, 'we accept as true all factual allegations in the complaint "made with 'sufficient definiteness to enable the court to find the existence of a legal basis for its judgment.'"'" *Theologis v. Weiler*, 76 Va. App. 596, 600 (2023) (quoting *Patterson v. City of Danville*, 301 Va. 181, 197 (2022)).

In 2021, Morrison, who worked as (and later was terminated from his job as) a GMU police officer, filed a complaint against GMU and two GMU employees, alleging retaliation and wrongful discharge. After the defendants filed demurrers, Morrison requested leave to amend his complaint and add defendants. The court granted Morrison's request, and he filed an amended complaint that included three more GMU employees.

Among other claims, Morrison alleged a FAWPA violation (Count I), which is the only claim relevant to this appeal. The amended complaint alleged as follows:

> 172. Plaintiff is an "employee" as defined by [Code] § 2.2-3010.
>
> 173. George Mason University is an "employer" as defined by [Code] § 2.2-3010.
>
> 174. Plaintiff disclosed information about suspected wrongdoing or abuse by George Mason University and its employees, and he did so in good faith and upon a reasonable belief that the information is accurate, through the process of filing his employment grievances.
>
> 175. George Mason University and individuals employed by George Mason University threatened, discriminated, and/or retaliated against Plaintiff, acting as an organization and/or through persons acting on behalf of George Mason University, regarding the following actions . . . .

Paragraph 175 goes on to list 32 subsections of allegedly retaliatory actions. Each subsection is a single line, but the amended complaint elaborates on the allegations elsewhere. Morrison sought reinstatement, back pay, "[e]quitable relief," and attorney fees.

All defendants filed demurrers, arguing that Morrison failed to allege any disclosure of abuse or wrongdoing (1) underlying the retaliation or (2) "sufficient to trigger protection for the alleged 'retaliation.'" The defendants further contended that Morrison alleged some disclosures of confidential material, which were not protected by the statute. The defendants also raised various pleas in bar asserting, among other things, statutes of limitation and sovereign immunity.

To streamline the process, the court grouped the defendants' demurrers in pairs, to be argued at three separate hearings. GMU's demurrer was heard with the demurrer of Andrew Sanavaitis, who was employed as a GMU police officer. Following the hearings, the court issued three separate orders, ruling on the demurrer pairings. The court partially sustained and partially overruled the demurrers.[3] Regarding GMU and Sanavaitis's demurrers, the court ruled as follows:

> [T]he [d]emurrer as to Count I is sustained as to its entirety with prejudice as to GMU[] and with leave to amend as to Sanavaitis. Regarding GMU, the FAWPA only permits liability against an "employer" who is defined as a "*person* supervising one or more employees . . . ." [Code] § 2.2-3010. GMU is not a person, and therefore cannot be held liable under the plain language of the FAWPA.

The court also ruled that, if Morrison alleged that defendant Sanavaitis "acted outside of his scope of employment, then he cannot proceed with Count I, as liability for a retaliation claim depends upon the relevant conduct occurring within the [d]efendant's scope of service." Finally, the court concluded that Sanavaitis was "not implicated at all throughout the majority of the factual allegations."

Morrison moved to reconsider, arguing that the court erred in sustaining the demurrer because (1) GMU was a "person" under state law and (2) it was an agent of a governmental agency and therefore liable under FAWPA. In the motion, Morrison also noted that the court sustained the

---

[3] The court granted Morrison leave to amend all Count I subsections for which it sustained the individual employees' demurrers.

demurrer on a ground not raised by GMU—i.e., that GMU was not a "person" and thus not an "employer" subject to FAWPA liability. The court denied the motion.

The court gave Morrison until June 17, 2024, to file a new amended complaint.[4] On June 13, 2024, Morrison moved for voluntary nonsuit of his claims against GMU. The next day, he filed an amended motion for nonsuit of the claims against GMU "and all other defendants." In a letter opinion, the court ruled that Morrison could not nonsuit the claims for which the court had previously sustained a demurrer without leave to amend because it had already authoritatively decided those claims. Accordingly, the court entered an order, styled as a "final order," that *denied* a nonsuit for and dismissed all of Count I against GMU and also dismissed Count I, subsection a, "pled against any [d]efendants." The court allowed Morrison to nonsuit various Count I subsections asserted against the individual employees. Morrison appeals the court's sustaining of the demurrers.

ANALYSIS

I. *Standard of Review*

"The interpretation of a statute is a question of law, which the appellate court reviews *de novo*." *Summit Pharmacy, Inc. v. Costco Wholesale (R)*, 73 Va. App. 96, 103 (2021) (quoting *Bryant v. Commonwealth*, 67 Va. App. 569, 575 (2017), *aff'd*, 295 Va. 302 (2018)). Further, "[w]e review de novo the circuit court's judgment sustaining a demurrer." *Highlander v. Va. Dep't of Wildlife Res.*, 84 Va. App. 404, 422 (2025). "The purpose of a demurrer is to determine whether a motion for judgment states a cause of action upon which the requested relief may be granted. A demurrer tests the legal sufficiency of facts alleged in pleadings, not the strength of proof." *Dunn, McCormack & MacPherson v. Connolly*, 281 Va. 553, 557 (2011) (quoting *Abi-Najm v. Concord Condo., LLC*, 280 Va. 350, 356-57 (2010)). "[W]hen ruling on a demurrer, in contrast to ruling on a motion for summary judgment, a court is not permitted to decide the merits of a claim but only

---

[4] The court later suspended this deadline after Morrison filed his motion for nonsuit.

may decide whether a plaintiff's factual allegations are sufficient to state a cause of action." *Almy v. Grisham*, 273 Va. 68, 76 (2007). "A demurrer . . . admits the truth of all material facts that are properly pleaded." *Robinson v. Nordquist*, 297 Va. 503, 514 (2019) (quoting *Harris v. Kreutzer*, 271 Va. 188, 195 (2006)).

## II. *The Parties Before this Court*

As a threshold matter, we need to specify which claims, and consequently which parties, are before us. We have appellate jurisdiction, with limited exceptions, over "any final judgment, order, or decree of a circuit court in a civil matter." Code § 17.1-405(A)(3). A nonsuit order "is a final, appealable order . . . only when a dispute exists whether the trial court properly granted a motion for nonsuit." *McManama v. Plunk*, 250 Va. 27, 32 (1995). Moreover, "an order merely sustaining a demurrer is not final, but an order dismissing a case is final." *Parker v. Carilion Clinic*, 296 Va. 319, 329 (2018). "As long as the privilege of filing an amended bill can be exercised, the decree is not final . . . ." *London-Va. Mining Co. v. Moore*, 98 Va. 256, 258 (1900); *see also Parker*, 296 Va. at 329. Accordingly, if a court grants nonsuit or sustains a demurrer with leave to amend and the deadline to file an amendment has not expired, those orders are not appealable.

Here, Morrison assigns error to the court's partial sustaining of the defendants' demurrers. But the court had granted leave to amend the Count I subsections for which it sustained the individual employees' demurrers, and Morrison subsequently requested a nonsuit for all remaining claims before amending his complaint.[5] We therefore do not have a final, appealable order for any

---

[5] In its nonsuit order, the court listed for which Count I subsections against which defendant it granted nonsuits. To the extent that any subsections remain unaccounted for in the order, we cannot address those claims because we do not have a final, appealable order for those subsections.

Count I subsections asserted against the employees and thus cannot consider any arguments challenging the individual employees' demurrers.[6]

In contrast, the court denied Morrison's nonsuit regarding all of Count I as pleaded against GMU and dismissed those claims because it previously sustained a demurrer without leave to amend. We may thus only consider Morrison's challenges to GMU's demurrer.[7] *See Norris v. Mitchell*, 255 Va. 235, 239 (1998) (explaining that merely sustaining a demurrer does not make it a final order, "to be final, it must go further and dismiss the case"). The only claim before us, therefore, is Count I as pleaded against GMU.

### III. *Decision Exceeds Scope of Demurrer*

Morrison argues that the court erred in sustaining GMU's demurrer on the grounds that GMU was not an "employer" as defined under FAWPA because GMU is not a "person." Code § 8.01-273(A) precludes our review of this substantive ruling, however, because the court based it on an argument not raised in GMU's demurrer.

Code § 8.01-273(A) "requires that each demurrant 'state specifically the grounds on which the demurrant concludes that the pleading is insufficient at law,' and '[*n*]*o grounds other than those stated specifically in the demurrer shall be considered by the court*.'" *Theologis*, 76 Va. App. at 604 (alteration in original) (quoting Code § 8.01-273(A)). Thus, "we may affirm an order sustaining a demurrer only on a ground that the defendant raised in the trial court." *Id.* Further, "[t]he appeal of an order sustaining a demurrer thus differs from other appeals in which 'the

---

[6] Because we do not have final, appealable orders for claims against the individual employees, we do not address Morrison's second assignment of error in which he contends the court erred in finding that the individual employees must have acted in the scope of their employment for a FAWPA claim.

[7] Although the court also denied nonsuit and dismissed Count I, subsection a, against all defendants, it did so based on a plea in bar, to which Morrison did not assign error. *See* Rule 5A:20(c)(1).

right-result-different-reason doctrine' would allow an appellee to 'assert for the first time on appeal a purely legal ground for upholding the challenged judgment.'" *Id.* (quoting *Collins v. Commonwealth*, 297 Va. 207, 212 n.1 (2019)).

Here, GMU's demurrer alleged that Count I of Morrison's complaint was deficient because it failed to claim (1) "any instance of a disclosure of abuse or wrongdoing underlying the 'retaliation,'" (2) "an instance of disclosure of abuse or wrongdoing . . . sufficient to trigger protection," and (3) a disclosure of abuse or wrongdoing that was not confidential. Nowhere in the demurrer did GMU seek dismissal because it is not an "employer" under FAWPA.[8] We therefore cannot review the court's substantive holding that GMU is not a person. Accordingly, we reverse the court's sustaining of GMU's demurrer based on grounds not raised by GMU in that demurrer. *See Theologis*, 76 Va. App. at 604; Code § 8.01-273(A).

In his third assignment of error, Morrison argues that the court erred by "add[ing] a new requirement" to the standard for pleading a FAWPA claim.

To state a claim under Code § 2.2-3011, a plaintiff must allege that he is an employee, whose employer discharged, threatened, discriminated, or retaliated against him for being a whistle blower. A "[w]histle blower" is defined as someone making a good faith report about or testifying to wrongdoing or abuse by the employer. Code § 2.2-3010. "Abuse" and "[w]rongdoing" in turn are defined as a "substantial misuse, destruction, waste, or loss of funds or resources" from governmental sources and as a substantial "violation . . . of a federal or state law or regulation, local ordinance, or a formally adopted code of conduct or ethics of a professional organization." *Id.*

Despite Morrison's assignment of error, the court did not require him to plead a one-on-one causal link between each alleged disclosure and act of retaliation. But the court did fail to consider

---

[8] Similarly, GMU did not raise that argument in its brief in support of the demurrer or during the hearing on it.

whether the pleadings were sufficient to state a FAWPA claim. The court did not examine which subsections sufficiently alleged facts against GMU; it simply concluded that "GMU is not a person, and therefore cannot be held liable under the plain language of the FAWPA." As explained above, that was improper under Code § 8.01-273(A).

CONCLUSION

Because we cannot affirm the sustaining of a demurrer based on an argument not raised in the demurrer and the court simply dismissed Count I based on an argument not raised by GMU, we reverse and remand for further proceedings consistent with this opinion. Additionally, we dismiss Morrison's appeal to the extent it challenges the court's decision on the individual employees' demurrers because we do not have any final, appealable order that would allow us to review that decision.

*Dismissed in part, reversed in part, and remanded.*